**WADEL**

v.

**AMERICAN AIRLINES, Inc., et al.**

No. 14788.

Court of Civil Appeals of Texas. Dallas.

June 4, 1954.

Rehearing Denied July 2, 1954.

Strasburger, Price, Kelton, Miller & Martin and Royal H. Brin, Jr., Dallas, for appellant.

Robertson, Jackson, Payne, Lancaster & Walker and Otis B. Gary, Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal from a summary judgment.

The suit was brought by appellant Ernest G. Wadel, surviving husband of Mrs. Ernest

G. Wadel and independent executor of her estate, for the loss or destruction of certain property valued at $15,725, growing out of an airplane crash allegedly caused by the negligence of American Airlines, Inc. and the pilot of its airplane. Mrs. Wadel lost her life in the crash, but the present suit involves only the property loss.

Appellees in their motion for summary judgment assert that their liability for property loss or damage is limited to the sum of $100 under Local and Joint Passenger Rule Tariff PR-2, 16(L) (1). The trial court sustained appellees' motion upon the tender into court of $100 by appellees, rendered judgment accordingly.

The parties entered into a stipulation of facts. Mrs. Wadel was a fare-paying passenger on the plane when it crashed on November 29, 1949, while in the course of an interstate flight. She had on her person a pearl necklace valued at $4,000, a ruby, sapphire and diamond dancer clip valued at $1,150, a bracelet watch valued at $450, a mink coat valued at $7,500, and other articles of a personal nature. There were also other items of personal property including a mink jacket valued at $2,625, which other items Mrs. Wadel either carried in hand or in a cosmetics bag.

The tariff provision relied upon by appellees and which the record shows was on file with the Civil Aeronautics Board and in effect at the time of the crash, reads in part as follows:

"The total liability of AA * * * occasioned by reason of any loss of, injury to or delay in the delivery of any personal property accepted for transportation as baggage, and whether or not checked or otherwise delivered into the custody of the carrier shall be limited to $100.00 for each passenger, unless at the time of acceptance for transportation, when checking in for flight, the carrier has accepted a greater liability. * * * Upon request and declaration, and payment of an additional transportation charge computed at the rate of ten cents for each $100.00, or fraction thereof, of excess value declared, the carrier will accept liability for loss of, injury to or delay in the delivery of such baggage up to the amount declared for each piece, * * *."

There was no declaration by Mrs. Wadel that the property on her person or in her cosmetics bag had a value in excess of $100; and, in fact, there was no declaration on her part with reference to any value of any of said articles nor was any additional sum paid for the transportation of said articles.

Appellant has briefed three points: (1) The tariff provision does not apply to the articles for which recovery is sought; (2) the tariff provision relied upon, if construed as applicable, is not valid; and (3) the tariff provision was not shown to constitute a part of the contract between the carrier and the deceased, Mrs. Wadel.

Under his first point appellant asserts that the tariff is not applicable because under the circumstances here present the property in question cannot be considered "baggage." None of the items was checked as baggage; none was contained in trunk, suitcase, traveling bag, or any other form commonly considered as baggage or luggage.

Though the position of appellant is not without some support in the authorities, we think that the terms of this particular tariff and the weight of authorities are to the contrary. The phrase "* * * any personal property accepted for transportation as baggage, and whether or not checked or *otherwise delivered into the custody of the carrier,* * * *" (emphasis supplied), seems to us to contemplate a broader definition of the word baggage than the narrow and limited definition permitted under appellant's interpretation of the tariff. If we were to adopt appellant's contention it would be possible for a passenger to carry property worth thousands of dollars in his arms or on his person at the moment of acceptance for transportation, without either declaring its value or paying the ten cents per $100 for its excess value over $100. Having thus come aboard the plane, such passenger might then transfer

his burden to a grip or suitcase for convenience, without having it classed as baggage or incurring the excess baggage charge; for according to appellant, it is the situation of the property at the moment of acceptance, and not before or afterward, that determines its character as baggage. Thus the passenger could burden the carrier with a vastly greater liability for loss and destruction of the property, while evading the payment to the carrier of the additional charge for excess value.

Our holding seems to be in keeping with Rule 16(B) of Tariff No. PR–2: "Except as otherwise provided in this Rule, each participating carrier will accept for transportation as baggage such personal property as is necessary or appropriate for the wear, use, comfort, or convenience of the passenger for the purposes of his trip."

Speaking of baggage, a Texas court has said: "Generally speaking, it may be said to include whatever the passenger takes with him for his own personal use and convenience, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessity or the ultimate purposes of the journey." Schaff v. Gibson, Tex.Civ.App., 258 S.W. 595, 598. Along the same general line are these cases: Pullman Company v. Vanderhoeven, 48 Tex.Civ.App. 414, 107 S.W. 147, error refused (diamond ring dropped from a Pullman berth); Wilkinson v. Pullman Company, D.C., 22 F.2d 177 (jewelry worn by plaintiff); Godfrey v. Pullman Company, 87 S.C. 361, 69 S.E. 666 (pocketbook with its contents, cash and a diamond ring); Two Hundred Eighteen and One Half Carats Loose Emeralds v. U.S., 2 Cir., 154 F. 839 (jewels carried in pocket of a coat being worn).

We overrule appellant's first point.

Appellant says that the tariff, if applicable, is invalid because it is an attempt on the part of appellees to limit their liability for their own negligence; and further that the tariff was not shown to constitute a part of the contract between the carrier and the deceased, Mrs. Wadel.

As this case involves the interstate transportation of property, federal law, not state law and policies, must govern our decision as to the validity of tariffs or contracts limiting the carrier's liability for its negligence. Boston & Maine R. Co. v. Hooker, 233 U.S. 97, 34 S.Ct. 526, 58 L.Ed. 868; Henderson v. Wells Fargo & Co., Tex. Civ.App., 217 S.W. 962; Gulf, Colorado & S. F. R. Co. v. McCandless, Tex.Civ.App., 190 S.W.2d 185; 13 C.J.S., Carriers, § 102, p. 201. Since passage of the Carmack Amendment of the Interstate Commerce Act, 49 U.S.C.A. § 20, a carrier may not exempt itself from liability for its negligence; but it may limit its loss to an amount not greater than a fixed valuation as a factor in determining its transportation rate, the transportation rate increasing as the amount of the property risk increases. The Ansaldo San Giorgio v. Rheinstrom Bros. Co., 294 U.S. 494, 55 S.Ct. 483, 79 L.Ed. 1016; Southeastern Express Co. v. Pastime Amusement Co., 299 U.S. 28, 57 S.Ct. 73, 81 L.Ed. 20. And this is true though there may be a gross disproportion between the value of the shipment and the arbitrary value fixed in the applicable tariff. Geo. N. Pierce Co. v. Wells Fargo & Co., 236 U.S. 278, 35 S.Ct. 351, 59 L.Ed. 576. Moreover the fact that the tariff was on file with the proper authorities is binding on the passenger, regardless of the passenger's lack of knowledge of or assent to such regulation, and regardless of the carrier's failure to inquire as to the value of the baggage. Boston & Maine R. Co. v. Hooker, 233 U.S. 97, 34 S.Ct. 526, 58 L.Ed. 868; Western Union Tel. Co. v. Esteve Bros. & Co., 256 U.S. 566, 41 S.Ct. 584, 65 L.Ed. 1094. It has been held that upon the filing of the tariff with the Civil Aeronautics Board, the tariff becomes a part of the contract under which the passenger and her baggage are carried. Lichten v. Eastern Airlines, 2 Cir., 189 F.2d 939, 25 A.L.R.2d 1337; Mack v. Eastern Airlines, D.C., 87 F.Supp. 113.

Appellant's second and third points are overruled.

The judgment of the trial court is affirmed.