Mavis WILKES, Plaintiff In Error,

v.

BRANIFF AIRWAYS, Incorporated, a corporation, Defendant in Error.

No. 36553.

Supreme Court of Oklahoma.

Oct. 4, 1955.

Washington, Thompson & Wheeler, Oklahoma City, for plaintiff in error.

Welcome D. Pierson, Oklahoma City, for defendant in error.

HALLEY, Justice.

This is an action in Common Pleas Court of Oklahoma County by Mavis Wilkes against Braniff Airways Incorporated, a corporation, to recover the sum of $918.50, the alleged value of one piece of luggage and its contents which the plaintiff alleged the defendant accepted from her when she boarded one of its planes on April 5, 1953, at Oklahoma City, Oklahoma, having previously on April 4, purchased a round-trip passenger ticket from Oklahoma City to Memphis, Tennessee. Plaintiff alleged that defendant failed and refused to return to her such luggage to her damage in the value thereof.

The facts are generally admitted. It is not denied by defendant that plaintiff was a passenger on one of its planes and delivered to it the luggage and its contents as alleged on April 5, 1953, and that it had not been able to return such luggage to the plaintiff. The defendant made no denial of the values of lost articles.

The defendant alleged that it was a duly licensed air interstate transportation carrier under the Civil Aeronautics Act, 49 U. S.C.A. § 401 et seq., and that under the provisions of the Act of Congress known as the Civil Aeronautics Act, 49 U.S.C.A. § 484, it was required to file in the office of the Civil Aeronautics Board rates and tariffs to be charged for the carriage of persons and property, and that it was prohibited by such Act from deviating from the tariffs and rates so filed and that it was prohibited from creating a preference between passengers in any matters complained of by the plaintiff. The defendant filed in the office of the Civil Aeronautics Board a tariff relative to charges it was entitled to make for the baggage of passengers on its planes and limiting its liability for loss or damages to the baggage of passengers to $100, unless the passenger at the time of checking the luggage declared a higher value thereon and paid an additional charge.

The defendant alleged that the plaintiff made no declaration that her baggage had any higher value than $100, and paid no additional charge for its transportation when she checked it at defendant's office in Oklahoma City, and that it was not liable for "fragile or perishable articles, money or jewelry in a passenger's luggage under the Civil Aeronautics Board's regulations, and hence not liable for jewelry or glass in plaintiff's luggage."

Defendant tendered $100 in full payment of plaintiff's claim of loss and prayed that any recovery by plaintiff be limited to that amount. There was attached to defendant's answer, and later put in evidence, rules as to luggage, including limitation of liability as to baggage by interstate carriers by air, adopted by the Civil Aeronautics Board, all of which is in accord with the allegations in defendant's answer. Defendant filed, prior to trial, a written tender of $100, a copy of which was sent to plaintiff's attorneys and that tender was again made by defendant's attorney in his opening statement, but it was at all times refused by the plaintiff.

Plaintiff filed a reply and alleged that there was no consideration for the contract claimed by defendant limiting liability for loss of baggage to $100 and that defendant failed to notify plaintiff of such limitation, despite plaintiff's statement that her baggage had a value of $800 or $900, and that defendant is estopped from raising the question of limited liability.

A jury was called and the testimony consisted of plaintiff's testimony and that of the ticket agent of the defendant, and the various exhibits here mentioned. The plaintiff testified that at the time her baggage was accepted by the defendant's agent she informed the agent that:

"I have eight or nine hundred dollars worth of clothes in my bags. Be careful with my luggage."

The agent for the defendant denied flatly that plaintiff made any such statement as to the value of her baggage when it was checked in, and testified that the bags were accepted under the tariff restrictions above mentioned.

The defendant offered in evidence a copy of the ticket sold to plaintiff, a copy of claim check for her luggage and copies of the Civil Aeronautics Board's rules and regulations filed by the defendant with the Civil Aeronautics Board, all of which contained the limitations for loss of luggage to $100

per passenger in the absence of a declaration of a higher valuation by the passenger and payment of a higher rate for luggage of a higher declared value.

At the close of evidence, motions for a directed verdict by both plaintiff and defendant were overruled. The court directed the jury to return a verdict for the defendant. Motion for a new trial was overruled and plaintiff has appealed.

We note that the claim check issued by defendant to plaintiff recites that the luggage is checked subject to tariff regulations filed with the Civil Aeronautics Board, which provides that the total liability for the loss of luggage is limited to its actual value " * * * which shall be conclusively presumed not to exceed $100.00 for each ticket, unless the passenger has, at the time of presenting property for transportation, when checking in for flight, declared a higher value."

Plaintiff relies on the early case of American Express Co. v. Merten, 42 Okl. 492, 141 P. 1169, which was decided in 1914. This Court there held that where an express company failed to issue a bill of lading, as required by law, it was liable for the actual value of the shipment. There the shipper agreed to pay the higher rate on the higher valuation as prescribed in the tariff of the company, and the trunk was accepted for shipment without requiring the shipper to make a written declaration of the value, and without issuing a receipt limiting the valuation of the property to $50, limiting the valuation in the case of failure to deliver at destination.

We are unable to find where the Merten case, supra, has ever been cited in any other case. The facts there are not the same as in the case under consideration. There are numerous cases wherein it has been held "that a passenger is limited in his recovery for the value of lost baggage to the amount specified in the tariff schedule filed with the Interstate Commerce Commission." Sustaining this view are the following cases: All American Bus Lines, Inc., v. Schuster, 1948, 199 Okl. 628, 189 P.2d 412, 413; St. Louis-San Francisco R. Co. v. Freeman, 1921, 82 Okl. 6, 198 P. 298, 25 A.L.R. 72;

Kansas City, M. & O. R. Co. v. Fugatt, 47 Okl. 727, 150 P. 669, L.R.A.1916A, 545.

Assuming that plaintiff stated to the agent of the defendant that her baggage had a value of $800 or $900 and requested that they be careful with it, there arises the question of whether that constituted a sufficient declaration of value to bind the defendant for a higher value than the limitation stated in the ticket stub and baggage check when no additional payment was made.

Carriers by rail and express companies were required to file their rate schedules with the Interstate Commerce Commission, while air carriers file their rules and schedules with the Civil Aeronautics Board. No reason has been suggested why the same rules as to limited liability should not apply equally to each class of interstate carriers.

In All American Bus Lines, Inc., v. Schuster, supra, the plaintiff had signed an agreement limiting liability of the carrier for luggage to $25.00 which was also named in the baggage check and in schedules filed with the Interstate Commerce Commission. This Court approved the judgment as to limited liability for loss of luggage.

The Court cited many cases wherein it was held that the rights and liabilities of interstate passengers regarding loss of baggage are controlled by the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., and that a passenger is limited in his recovery for the value of lost baggage to the amount specified in the tariff schedule filed with the Interstate Commerce Commission. The Court also held that where a party signs a written agreement he is bound by it although ignorant of its contents.

In the case of Radinsky v. Western Air Lines, Inc., 125 Colo. 286, 242 P.2d 815, plaintiff was a passenger on defendant's air lines from Utah to California. He checked two bags for transportation, one of which contained jewelry and also valuable documents. Upon arriving in California he received one of the bags but left the other containing the jewelry and other valuables in storage and it was lost. He had not declared a valuation of more than $100 or paid any additional charge for the valuables and

it was held that the liability of the airplane company was limited to $100.

In Lichten v. Eastern Air Lines, Inc., D.C., 87 F.Supp. 691; Id., 2 Cir., 189 F.2d 939, 23 A.L.R.2d 1337, it was held that to the extent to which an air carrier's duly filed tariffs limiting liability for loss of a passenger's baggage are valid, they become a part of the carrier's contract with the passenger. It is further held that the Civil Aeronautics Board has exclusive authority to pass upon tariff rules filed by Interstate Carriers by air. It was provided that money, jewelry and certain other valuables would be carried only at the risk of the passenger and the Court held that such limitation of liability was binding upon the passenger when such rule had been filed with the Civil Aeronautics Board. The Court points out that the Civil Aeronautics Act is similar to the Interstate Commerce Act.

Assuming that the plaintiff made the declaration claimed to have been made by her to defendant's agent, it is clear that she paid no additional charge for baggage of a higher value than $100, and plaintiff made no claim she did.

It was shown that the schedule of rates filed by the defendant with the Civil Aeronautics Board expressly provided that the carrier would only be liable for the actual value of baggage, which was conclusively presumed not to exceed $100 for each ticket "* * * unless the passenger has, at the time of presenting property for transportation, when checking in for flight, declared a higher value and paid an additional charge, at the rate of ten (10) cents for each $100.00. * * *"

The decisions are clear that passengers are presumed to know the schedule of rates filed by interstate carriers and are charged with constructive notice of the rates provided in the schedule of rates filed with the Interstate Commerce Commission and Civil Aeronautics Board. To permit plaintiff to recover for the excess value claimed would amount to discrimination in her favor. This is forbidden. American Railway Express Co. v. Daniel, 269 U.S. 40, 46 S.Ct. 15, 70 L.Ed. 154; Chicago R. I. & P. R. Co. v. Geissler, 177 Okl. 560, 61 P.2d 14.

We concur with plaintiff's contention that she is entitled to the $100 which was tendered into Court by the defendant. The luggage was lost and was never delivered.

The judgment is affirmed upon the condition of payment of the one hundred dollars to the plaintiff that was tendered in court at the time of trial. Such tender to be made within ten days from the date Mandate is issued and if the one hundred dollars is not so tendered, new trial shall be granted.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.