**S. TOEPFER, Inc., a corporation, and Theodore Cooper, an individual, Plaintiffs,**

v.

**BRANIFF AIRWAYS, Incorporated, a corporation, Defendant.**

**Civ. No. 6497.**

United States District Court W. D. Oklahoma.

Nov. 15, 1955.

Looney, Watts, Ross, Looney & Nichols, Oklahoma City, Okl., for plaintiffs.

Welcome D. Pierson, Oklahoma City, Okl., for defendant.

CHANDLER, District Judge.

The plaintiffs, S. Toepfer, Inc. and Theodore Cooper, both residents and citizens of the State of New York, assert in their complaint that on the 5th day of December, 1953, Cooper, a jewelry salesman employed by S. Toepfer, Inc., purchased an airplane ticket from the defendant, Braniff Airways, Incorporated, for transportation by air from Wichita, Kansas, to Oklahoma City, Oklahoma, and delivered to the defendant for transportation two sample cases containing jewelry belonging to S. Toepfer, Inc., valued at $93,110.48; that they have demanded the return of the luggage but that it has been lost by reason of the negligence of the defendant.

In its answer the defendant asserts and plaintiffs have admitted in answers to interrogatories, that defendant is a duly licensed interstate air transportation carrier; that it accepted the sample cases for transportation and that they were lost or stolen in transit; that it had therefore filed in the office of the Civil Aeronautics Board its Tariff No. PR–3 which provides that its total liability for the loss of baggage shall be limited to $100.00 for each ticket unless the passenger at the time of presenting the baggage for transportation declares a higher value and pays an additional specified charge; that at the time the plaintiff delivered the sample cases for transportation he declared no additional value and paid no additional charge and was furnished with claim checks upon which the provisions of said tariff were printed.

Upon this state of the record the defendant has moved for summary judgment.

■■ There is no genuine issue as to any material fact. The tariff filed by the defendant in the office of the Civil Aeronautics Board pursuant to the provisions of the Civil Aeronautics Act, 49 U.S.C.A. § 401 et seq., became a part of the contract of transportation. This Court so held in Furrow & Co. v. American Airlines, D.C.Okl.1952, 102 F.Supp. 808. Since no higher value was declared and since no fee for additional coverage was paid, the plaintiff can recover no more than the $100 provided in the tariff and tendered by defendant. This would be true even if the loss of the cases was occasioned by the negligence of the carrier. Lichten v. Eastern Airlines, 2 Cir., 1951, 189 F.2d 939, 25 A.L.R.2d 1337; Mack v. Eastern Air Lines, D.C.Mass.1949, 87 F.Supp. 113; Shortley v. Northwestern Airlines, D.C. D.C.1952, 104 F.Supp. 152; Jones v. Northwest Airlines, 1945, 22 Wash.2d 863, 157 P.2d 728; Radinsky v. Western Air Lines, 1952, 125 Colo. 286, 242 P.2d 815; All American Bus Lines v. Schuster, 1948, 199 Okl. 628, 189 P.2d 412;

St. Louis-San Francisco Ry. Co. v. Freeman, 1921, 82 Okl. 6, 198 P. 298, 25 L.R.A. 72; Boston & Main R. R. v. Hooker, 1914, 233 U.S. 97, 34 S.Ct. 526, 58 L.Ed. 868, L.R.A.1915B, 450, Ann. Cas.1915D 593; Galveston H. & S. A. Ry. Co. v. Woodbury, 1920, 254 U.S. 357, 41 S.Ct. 114, 65 L.Ed. 301; 10 Amer.Juris. "Carriers" Section 1743; 13 C.J.S., Carriers, § 874; Wilkes v. Braniff Airways, Okl., 288 P.2d 377.

The motion for summary judgment is sustained. Counsel will kindly prepare judgment in conformity herewith.