EDITH B. MUSTARD *vs.* EASTERN AIR LINES, INC.

Norfolk.   January 9, 1959. — March 9, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Carrier*, Of passengers, Tariff, Airplane, Passenger's personal property. *Contract*, With carrier, Limiting liability. *Federal Law. Negligence*, Contractual limitation of liability. *Public Policy.*

Valid passenger tariff rules duly filed with the Civil Aeronautics Board by a common carrier by airplane in interstate commerce pursuant to 49 U. S. C. (1952) § 483 (a) were part of the contract between the carrier and a passenger and binding on her whether or not she knew of and assented to them. [676–677]

The validity of passenger tariff rules duly filed with the Civil Aeronautics Board by a common carrier by airplane in interstate commerce pursuant to 49 U. S. C. (1952) § 483 (a) must be determined according to Federal law. [676]

A duly filed passenger tariff rule of an interstate carrier by airplane, limiting its liability for loss of "any personal property, including baggage (whether or not such property has been delivered into the custody of the carrier)" to a certain amount "unless the passenger has, at the time of presenting such property for transportation, when checking in for flight, declared a higher value and paid an additional charge," was applicable to a coat which was worn by a passenger when she checked in for a flight and boarded the airplane and was not placed in the custody of the carrier; the scope of the rule was not narrowed by analogy to another rule excepting "personal property of a type normally carried by passengers, such as . . . coats," from the maximum weight allowed for baggage and other articles transported free. [677]

Where it appeared merely that an airplane passenger, holding a ticket stating, in accordance with a valid, filed passenger tariff rule, a limitation, which she did not read, on the amount for which the airplane company would be liable for loss of personal property unless a higher valuation were "declared in advance and additional charges . . .

paid," checked in for flight and boarded the airplane wearing a fur coat which at the end of the journey was missing from a coat rack where it had been placed, it could not be said that the passenger had not had "a fair opportunity to choose between higher or lower liability by paying a correspondingly greater or lesser charge." [677–678]

CONTRACT OR TORT. Writ dated September 24, 1953.

The action was heard by *Nagle*, J.

*Thomas R. Morse, Jr.*, for the plaintiff.

*David H. Fulton*, for the defendant, submitted a brief.

WILKINS, C.J.  This action of contract or tort is for the value of a fur coat, lost due to the defendant's negligence, while the plaintiff was a passenger on an airplane operated by the defendant common carrier between Tampa, Florida, and Boston.  The question is whether the plaintiff may recover the full value of the coat, which is $4,500, or is limited to $100 by reason of tariff rules filed with the Civil Aeronautics Board.  The case was heard on a case stated.  The judge ruled that the plaintiff was limited to $100, and "found" for the defendant in accordance with the terms of the case stated.

Shortly prior to February 11, 1953, in Boston the plaintiff purchased from the defendant a round trip ticket entitling her to passage from Boston to Tampa, Florida, and return.  Printed on the ticket, which the plaintiff did not read, was: 4.  "(d) liability of carrier in respect of baggage and other personal property is limited to its declared value which shall not exceed $100 (U. S. currency) or its equivalent per passenger, unless a higher valuation is declared in advance and additional charges are paid pursuant to carrier's tariffs."

On or about February 11, 1953, the plaintiff checked in for the return at the defendant's flight desk in Tampa.  She presented certain luggage and was given a baggage check. She was wearing the fur coat.  Boarding the plane, she placed the coat on the luggage rack over her seat.  After the plane took off, the stewardess, without objection from the plaintiff, took the coat off the rack and placed it in a coat rack in the rear of the plane where it was not within the plaintiff's view.  No check or receipt was given the plaintiff

by the stewardess. The plane stopped at Atlanta, Georgia, and several passengers got off. Upon arrival at New York, the coat was missing.

The passenger rules tariff PR–3 applicable to the defendant was on file with the Civil Aeronautics Board and was in effect "in accordance with the laws of the United States applicable thereto." This provided that a maximum of forty pounds of baggage will be transported without charge. 16 (I) (5) "For the purpose of the rule, the weight of a passenger's baggage shall include, not only the weight of all baggage delivered into the custody of the carrier, but also the weight of all articles retained in the custody of the passenger, except personal property of a type normally carried by passengers, such as individual books or magazines, ladies' purses and coats." 16 (M) (3) "The liability . . . for the loss of . . . any personal property, including baggage (whether or not such property has been delivered into the custody of the carrier) shall be limited to an amount equal to the actual value of such property, which shall be conclusively presumed not to exceed $100 . . . unless the passenger has, at the time of presenting such property for transportation, when checking in for flight, declared a higher value and paid an additional charge . . . ."

These rules filed within the authority conferred by § 403 (a) of the civil aeronautics act of 1938, 49 U. S. C. (1952) § 483 (a), to the extent that they are valid, became part of the contract between the parties. *Boston & Maine R.R.* v. *Hooker*, 233 U. S. 97, 112. *Western Union Tel. Co.* v. *Esteve Bros. & Co.* 256 U. S. 566, 571. *Mack* v. *Eastern Air Lines, Inc.* 87 F. Supp. 113, 115 (D. Mass.). See *Papetti* v. *Alicandro*, 317 Mass. 382, 391–392. Their validity must be determined according to Federal law. *Adams Exp. Co.* v. *Croninger*, 226 U. S. 491, 505–506. *Kansas City So. Ry.* v. *Carl*, 227 U. S. 639, 649. *Missouri, Kansas & Texas Ry.* v. *Harriman*, 227 U. S. 657, 672. *Boston & Maine R.R.* v. *Hooker*, 233 U. S. 97, 110. The fact that the tariff was on file with the proper authorities is binding on the passenger regardless of the passenger's lack of knowledge of or assent

to the regulation. *Boston & Maine R.R.* v. *Hooker, supra,* 113.

The plaintiff, while not disputing the general principle, which has been frequently applied to carriers by air,[1] contends that rule 16 (M) (3) does not apply in the present case. That rule is very broad and in terms covers "any personal property, including baggage (whether or not such property has been delivered into the custody of the carrier)." The plaintiff argues that the rule relates only to property which a passenger is "presenting . . . for transportation," and that clothing and other articles carried on or about the person are not so presented. She seeks to limit the operation of the phrase, "any personal property," by the analogy of articles covered by the free weight allowance, which, as set forth in rule 16 (I) 5, excepts "personal property of a type normally carried by passengers, such as individual books or magazines, ladies' purses and coats." We do not accept this restricted construction. We think that the phrase, presenting for transportation, would be broad enough in an appropriate context to include the passenger's own person. We are of opinion that, reasonably interpreted, rule 16 (M) (3) embraces all property which the passenger offers for transportation, whether to be weighed or not, and that in the circumstances included the plaintiff's mink coat.

There remains the question whether the defendant had granted the plaintiff "a fair opportunity to choose between higher or lower liability by paying a correspondingly greater or lesser charge" so that it can lawfully limit recovery to an amount less than the actual loss sustained. See *New York, N. H. & H. R.R.* v. *Nothnagle,* 346 U. S. 128, 135. The plaintiff contends that she did not have that opportunity. We do not agree. The case stated contains nothing from which it might be inferred that the defendant would not

---

[1] *Lichten* v. *Eastern Airlines, Inc.* 189 F. 2d 939, 940 (2d Cir.). *Mack* v. *Eastern Air Lines, Inc.* 87 F. Supp. 113, 115–116 (D. Mass.). *S. Toepfer, Inc.* v. *Braniff Airways, Inc.* 135 F. Supp. 671, 672 (W. D. Okla.). *Radinsky* v. *Western Air Lines, Inc.* 125 Colo. 286, 288–289. *Randolph* v. *American Airlines, Inc.* 103 Ohio App. 172, 174. *Wilkes* v. *Braniff Airways, Inc.* 288 P. 2d 377, 380 (Okla.). *Wadel* v. *American Airlines, Inc.* 269 S. W. 2d 855, 857 (Tex. Civ. App.). *Jones* v. *Northwest Airlines, Inc.* 22 Wash. 2d 863.

have insured the coat at a higher value than $100 had the plaintiff so requested "when checking in for flight."

Any arguments based upon public policy against restricting liability for the consequences of one's own negligence are of no present pertinence. The contract was a limitation of liability for loss to an amount not greater than a fixed valuation as a factor in determining the transportation rate. *Hart* v. *Pennsylvania R.R.* 112 U. S. 331, 340–343. See *Squire* v. *New York Cent. R.R.* 98 Mass. 239, 245.

*Exceptions overruled.*