Melnick, Appellant, *v.* National Air Lines.

Argued March 17, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Samuel Melnick*, for appellant.

*John P. Mason*, with him *Owen B. Rhoads*, for appellee.

OPINION BY WATKINS, J., April 16, 1959:

This is an appeal from a judgment entered on the pleadings by the Municipal Court of Philadelphia, in favor of National Air Lines, the defendant appellee, and against Ida Melnick, the plaintiff appellant. The pleadings, which consist of the plaintiff's complaint, the defendant's answer containing new matter and the

plaintiff's answer to new matter disclosed the following undisputed facts: The appellant and her husband, Samuel Melnick, Esquire, were passengers on a flight of National Air Lines from New York to Philadelphia on September 4, 1957; on September 19, 1957, Samuel Melnick filed a claim that "when we arrived from New York to Philadelphia we went to take our luggage and received all but one suitcase"; in the same claim he indicated that there had been two passengers; that the lost property consisted of 3 suits, 25 ties, 1 fur mink stole, 6 pairs of slacks and 1 fountain pen; that the cost of the items was $1687 and their present value $1677.

That further, it is undisputed that on or about November 13, 1957, the company forwarded to Samuel Melnick, a check in the amount of $100 on the back of which was written, "in endorsement of this check I hereby discharge National Airlines, Inc., its associated Companies, Agents, Officers, Employees and others in interest of and from any and all claims and demands which I now have or may hereafter have on account of incident involving lost baggage which occurred on or about 9/4/57"; that Samuel Melnick received the check, accepted it, endorsed it and cashed it; that before he cashed the check he crossed out the above notation on the back of the check.

It is also admitted in the pleadings that certain tariffs of appellee Air Line governed the transportation of baggage and that those tariffs require that notice of a claim be given the company within 45 days after the loss of the baggage and that the company's liability for such loss is limited to $100 unless the passenger has declared a higher value and paid an additional transportation charge. The appellant admits that neither she nor her husband declared a higher value or paid any additional transportation charge.

The complaint also sets forth that there was a package turned over to the company containing 14 jars of caviar, three bottles of vodka, and 1 bottle of wine, of a total value of $50 which was never returned to the appellant. This was specifically denied by the company and no claim report was filed with regard to this package within the required 45 days.

The court below concluded that the luggage contained items belonging to appellant and other items belonging to her husband; that no separate proofs of loss were filed by her but the proof of loss filed by her husband was filed on her behalf; that the validity of defendant's tariffs are determined by federal law which upholds a carrier's limitation on liability even where the carrier is negligent; that the company's liability under those tariffs is limited to $100; and that the claim filed by Samuel Melnick on behalf of himself and the appellant was unliquidated and, therefore, his acceptance of the check operated as an accord and satisfaction.

In this case our guide in determining whether this judgment should stand is set forth in *Bogojavlensky v. Logan,* 181 Pa. Superior Ct. 312, 316, 124 A. 2d 412 (1956) as follows: "While Pa. R. C. P. 1034 allows a motion for judgment on the pleadings just before trial and gives the court the power to enter any order which is 'proper on the pleadings', a final judgment should not be entered unless the case is clear and free from doubt. Vrabel v. Scholler, 369 Pa. 235, 239, 85 A. 2d 858. Since the motion is in the nature of a demurrer, the averments in the answer (here, plaintiff's complaint and reply) and every reasonable inference arising therefrom must be accepted as true, Cary v. Lower Merion School District, 362 Pa. 310, 66 A. 2d 762; provided, of course, the facts are properly pleaded." We agree with counsel for the appellee that in this case

the appellant's case is so lacking in merit and substance that appellee's right to judgment is clear.

As regards the operation of the company's tariff, there is no genuine issue of fact. The contention of the appellant is that the tariff is of no effect because the loss here is the result of the company's negligence. The federal law involved here is the Civil Aeronautics Act, 52 Stat. 980, 49 U.S.C.A. §401, et seq., now found at 72 Stat. 740, 49 U.S.C.A. Supp. §1301 et seq. In *Lichten v. Eastern Airlines*, 189 F. 2d 939 (2d Cir. 1951), the court held that the common law rule that a common carrier may not by contract relieve itself from liability for the consequences of its own negligence was no longer good law, and stated at page 941: "A primary purpose of the Civil Aeronautics Act is to assure uniformity of rates and services to all persons using the facilities of air carriers. Civil Aeronautics Act Sections 404 (a), 902 (a); 49 U.S.C.A. sections 484 (a), 622 (a). To achieve this, it is essential, in the judgment of Congress, that a single agency, rather than numerous courts under diverse laws, have primary responsibility for supervising rates and services. Cf. Southern Ry. v. Prescott, 240 U. S. 632, 36 S. Ct. 469, 60 L. Ed. 836. Accordingly, this broad regulatory scheme, and not the common law, must govern the contract of the parties. Adams Express Co. v. Croninger, 226 U. S. 491, 33 S. Ct. 148, 57 L. Ed. 314; Mack v. Eastern Air Lines, Inc., supra." See also: *S. Toepfer, Inc. v. Braniff Airways*, 135 F. Supp. 671 (1955), and the discussion by this Court in *Paramount Dress Company v. Kirby & Kirby, Inc.*, 167 Pa. Superior Ct. 524, 76 A. 2d 432 (1950). As Judge BOYLE, of the court below said: "The plaintiff in this case caused the property to be transported at the lowest possible rate based on the limitation of liability. He cannot after a loss be heard to say that the goods were

worth more. Under the tariff provisions which are part of the contract, it was his duty to declare the higher valuation and pay the higher rate if he wished protection in excess of the limited amount—American Express Co. v. United States Horse Shoe Co., 244 U. S. 58, quoted in Paramount Dress Co. v. Kirby and Kirby, 167 Pa. Superior Ct. 524, 530."

The agreed valuation of $100 had already been paid to the appellee by her husband's acceptance of the check in full discharge of the company's liability. The pleadings clearly show that Samuel Melnick submitted a claim after the alleged loss. The claim form shows that two passengers, one of whom was obviously the appellant, were involved, and as counsel for the appellee aptly says, "it must not be inferred that Samuel Melnick, a member of the bar, would deliberately and with fraudulent intent submit his own claim for property which did not belong to him without authority from the rightful owner."

"The general principle is well established that when a claim is disputed or unliquidated and the tender of a check or draft in settlement thereof is of such character as to give the creditor notice that it must be accepted in full satisfaction of the claim, or not at all, the retention and use thereof by the creditor constitutes an accord and satisfaction." *Barron Co. v. Fox & Co.*, 84 Pa. Superior Ct. 46, 49 (1924). The company did not admit failure to deliver the luggage and certainly had no knowledge of the contents. If the appellant had an enforceable claim she had the burden of proving the extent of the loss. This, then, amounts to a bona fide dispute and an unliquidated claim.

And finally, the appellant cannot avoid the accord and satisfaction because her husband crossed out the notation on the check that acceptance did discharge the claim. In *Hutchinson v. Culbertson*, 161 Pa. Su-

perior Ct. 519, 522, 55 A. 2d 567 (1947), this Court held that a creditor "cannot avoid the dilemma of returning the check or keeping it in full satisfaction by erasing or obliterating the words which import complete satisfaction."

Judgment affirmed.