**MODERN WHOLESALE FLORIST,**
Appellant,

v.

**BRANIFF INTERNATIONAL AIRWAYS,
INC.,** Appellee.

No. 16154.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 16, 1960.

Rehearing Denied Jan. 13, 1961.

**226**

Mayfield & Atkins, and Bill Atkins, Fort Worth, for appellant.

Touchstone, Bernays & Johnston, and Webber W. Beall, Jr., Dallas, for appellee.

BOYD, Justice.

Modern Wholesale Florist sued Braniff International Airways, Inc., for damages to two shipments of flowers, which had been delivered to United Airlines, Inc., in California, transported to Denver, Colorado, by United, and transported by Braniff to Fort Worth, Texas, where it was found that the flowers were in a damaged condition.

Both parties moved for summary judgment and Braniff's motion was granted and this appeal followed.

Appellant assigns as error the action of the court in overruling its motion for summary judgment, and in sustaining appellee's motion.

It was shown without dispute that the flower shipments were delivered to United in California, and delivered by United to Braniff in Denver. In answer to appellee's requests for admissions, appellant said that it did not have within its knowledge sufficient information either to admit or deny that it was unable to ascertain at what time and place the damage to the flowers occurred. On motion by appellee the court entered an order that appellee's requests for admissions that appellant was unable to show when and where the damage occurred was deemed admitted. Appellee invoked Airfreight Rules Tariff No. 1-A, A. T. B. No. 9, C. A. B. No. 13, as provided for in 49 U.S.C.A. § 1373, subd. (a), which reads in part as follows:

"Every air carrier * * * shall file with the Board, and print, and keep open to public inspection, tariffs showing all rates, fares, and charges for air transportation * * * and showing to the extent required by regulations of the Board, all classifications, rules, regulations, practices, and services in connection with such air transportation. Tariffs shall be filed, posted, and published in such form and manner, and shall contain such information, as the Board shall by regulation prescribe; and the Board is empowered to reject any tar-

iff so filed which is not consistent with this section and such regulations. Any tariff so rejected shall be void * * *."

The part of the Airfreight Rules Tariff here invoked reads as follows: Rule No. 3.2, Exclusions from Liability, subd. (b), "The carrier shall not be liable for loss, damage, deterioration, destruction, theft, pilferage, delay, default, misdelivery, non-delivery, or any other result not caused by the actual negligence of itself, its agent, servant or representative, acting within the scope of their authority, or not occurring on its own line or in its own service, or for any act, default, negligence, failure or omission of any other carrier or any other transportation organization."

 It has been held that the Airfreight Rules Tariff becomes a part of contracts of transportation. Killian v. Frontier Airlines, Inc., D.C., 150 F.Supp. 17; Mustard v. Eastern Airlines, Inc., 338 Mass. 674, 156 N.E.2d 696; Lichten v. Eastern Airlines, Inc., 2 Cir., 189 F.2d 939, 25 A.L.R. 2d 1337; Wadel v. American Airlines, Inc., Tex.Civ.App., 269 S.W.2d 855.

Appellant invokes res ipsa loquitur. We do not think that the doctrine of res ipsa loquitur applies in this case, because it was not shown and could not be shown that the damage or injury occurred while the shipment was in custody or under the control of appellant. 30–B Tex.Jur., p. 388, sec. 148.

In his brief appellant says that Braniff and United are engaged in a joint enterprise and that as the damage happened while the shipments were in possession of one or the other of the carriers, either would be liable. We cannot agree with this contention because there is lacking the element of authority in each to control the means or agency employed. There is nothing in the record to indicate that either United or Braniff had any right to control the actions of the other.

In its motion for summary judgment and in its brief appellant said that there was no issue of material fact, and we think there was no error in granting appellee's motion for summary judgment.

The judgment is affirmed.