UNITED AIR LINES, INC., APPELLANT, *v.*
ENO C. KROTKE, RESPONDENT.

No. 4373

June 21, 1961                                    363 P.2d 94

(Petition for rehearing denied August 24, 1961.)

*Vargas, Dillon and Bartlett,* and *Alexander A. Garroway,* of Reno, for Appellant.

*Gordon C. Shelley,* of Reno, for Respondent.

## OPINION

By the Court, Thompson, J.:

This action is for damages for breach of contract. The material facts reveal that Krotke, plaintiff below, purchased a ticket from United Air Lines, defendant below, for Flight 354 scheduled to leave Reno, Nevada at 6:50 a. m. November 7, 1957. His destination was Seattle, Washington. At about 6:30 a. m. on that day Krotke reported to the air lines' counter at the airport and checked two pieces of baggage, advising the clerk that he wished to insure them for $3,600. He paid an additional $3.60 for his asserted value of the baggage and contents, was given claim checks therefor, and a receipt on which was written "$3,600 bag Ins." The claim checks and receipt each contained the phrase that it was "subject to tariff regulations." Krotke then left the Reno airport and returned to his place of business. He did not board Flight 354. However, his baggage was placed on the plane. Flight 354 went to San Francisco, California, where passengers and baggage were transferred to United Air Lines Flight 671, nonstop to Seattle, Washington, arriving there at 12:13 p. m. November 7.

On November 8 Krotke obtained a refund on his passenger ticket, less a "no show" penalty. According to the records of United Air Lines, Krotke, at about 2:20 p. m. on the same day, inquired about his baggage. At 2:45 p. m. November 8 the Reno office teletyped Seattle. On November 9 the Seattle office advised the Reno office that Krotke's baggage was not there. Subsequent inquiry failed to disclose its presence at any airport servicing United Air Lines planes and, to this date, its whereabouts is unknown. Much later Krotke presented a formal claim to United Air Lines

for his loss in which, for the first time, he made reference to thirty-six $100 bills, rolled and placed in a sock which was in one of the two pieces of lost baggage.

The lower court granted judgment to Krotke against United Air Lines for the sum of $3,600, from which United Air Lines has appealed.

The claim for relief is based solely upon an alleged breach of contract. In his complaint Krotke states that "he contracted with defendant for transportation of his person and baggage from Reno, Nevada to Seattle, Washington"; that he "delivered certain luggage to defendant, to wit, one small satchel and one large Taperlite valise, and received from defendant a claim check therefor"; that "upon presentation of the claim check and demand for the return of the luggage the defendant neglected and refused to deliver said luggage." Krotke did not attempt to plead or prove a claim for relief against United Air Lines on any other legal theory. The complaint was not amended. Indeed, on appeal, counsel for Krotke conceded by his brief and again during oral argument that his claim for relief is based upon an alleged breach of contract only.

The lower court did not make findings of fact that would support a judgment against United Air Lines upon any theory other than that pleaded. However, the lower court did conclude, as a matter of law, that "defendant failed to establish any defense to its liability as either an insurer, a common carrier, a bailee, or a warehouseman." This, we think, was error because the case below presented a claim for relief upon one theory only, to wit, breach of contract. We do not feel constrained, therefore, by reason of the conclusion of the lower court just mentioned, to discuss all possible theories upon which liability might be based.

The flight here involved was interstate. Accordingly, the rights and liabilities of the parties are determined by federal law. Ward v. Gulf, M. & N. R. Co., 23 Tenn. App. 533, 545, 134 S.W.2d 917, 925. Air carriers must file with the Civil Aeronautics Board, and keep open to public inspection, tariffs showing all rates, fares

and charges for air transportation between points served by it. 49 U.S.C.A., sec. 483, now sec. 1373. The tariff thus filed becomes a part of the contract under which baggage is carried. Lichten v. Eastern Airlines, 2 Cir., 189 F.2d 939, 25 A.L.R.2d 1337; Wilkes v. Braniff Airways, 288 P.2d 377; Randolph v. American Airlines, Inc., 103 Ohio App. 172, 144 N.E.2d 878; Jones v. Northwest Airlines, Inc., 22 Wash.2d 863, 157 P.2d 728; Melnick v. National Air Lines, 189 Pa.Super. 316, 150 A.2d 566; Mustard v. Eastern Air Lines, Inc., 338 Mass. 674, 156 N.E.2d 696; S. Toepfer, Inc. v. Braniff Airways, 135 F.Supp. 671; Wadel v. American Airlines, Tex.Civ.App., 269 S.W.2d 855.

In the instant case the baggage claim checks were given "subject to tariff regulations." The receipt for the declared value of $3,600 was issued "subject to tariff regulations." However, the tariff regulations were not in evidence. It is, therefore, impossible for this court to determine the terms and conditions of the contract upon which Krotke predicates his claim for relief. Those terms and conditions may not be supplied by conjecture. Indeed, it is not uncommon for such regulations to provide that money will be carried only at the risk of the passenger. See: Lichten v. Eastern Airlines, supra; Wilkes v. Braniff Airways, supra; Radinsky v. Western Air Lines, 125 Colo. 286, 242 P.2d 815.

We conclude that the plaintiff, Krotke, has failed to prove a claim for relief. Accordingly, the judgment must be, and is, reversed.

BADT, C. J., and MCNAMEE, J., concur.