Jane ROSENSCHEIN, (Plaintiff) Respondent,

v.

TRANS WORLD AIRLINES, INC., a corporation, (Defendant) Appellant.

No. 30658.

St. Louis Court of Appeals.

Missouri.

Sept. 19, 1961.

Morris E. Stokes, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, for appellant.

Herman M. Katcher, Wm. R. Gartenberg and Paul Brown, St. Louis, for respondent.

ANDERSON, Presiding Judge.

This is a suit against the defendant to recover damages alleged to have been sustained by plaintiff as a result of the loss of certain luggage and contents thereof, while plaintiff was traveling as a fare-paying passenger on defendant's air line. There was a verdict and judgment for plaintiff in the sum of $1,700. From the judgment, defendant has appealed.

Plaintiff's petition was in two counts. Count One is for breach of contract in failing to deliver plaintiff's luggage to her at her destination in Pittsburgh, Pennsylvania. Count Two is founded upon the alleged negligence of defendant in losing plaintiff's luggage. Both counts sought damages in the sum of $2,191.78.

By its answer, defendant admitted it had contracted with plaintiff to transport her and her luggage from New York to Pittsburgh on the occasion mentioned; that such luggage was received by defendant at New York and was not delivered to plaintiff at Pittsburgh. Defendant also admitted it was liable to plaintiff, but only in the amount of $250, for which sum it offered to confess judgment. There was a tender by defendant of said sum which was paid into the registry of the court, together with the sum of $11.35 being the then accrued costs. It was also alleged that the sum of $250 had been tendered to plaintiff on September 17, 1959, prior to suit, which tender was refused by plaintiff.

Defendant then pleaded in its defense and in limitation of its liability a rule tariff, filed with the Civil Aeronautics Board, pursuant to the Civil Aeronautics Act of 1938, as amended (49 U.S.C.A. § 483), which it was alleged constituted a part of the contract of carriage, and which limited defendant's liability for the loss in question to the sum of $250.

The appeal was presented in this court on an agreed statement of the case. From said statement it appears that plaintiff testified as follows: She purchased her ticket for transportation from New York City to Pittsburgh at Lambert Municipal Airport. She delivered her luggage to the defendant's agents in New York. At that time an employee of defendant placed a numbered baggage ticket on each of the two parcels of luggage and handed plaintiff two receipts for same. Each receipt contained a number similar to that on the baggage ticket which was placed on each piece of luggage. The receipt did not contain a statement that defendant's liability was limited to the sum of $250, nor did any agent or employee of the defendant notify plaintiff of such limitation of liability. Plaintiff further testified she was not asked by the defendant's agent or employee to declare the value of her luggage and contents. She declared no value in excess of $250 and paid nothing for additional coverage.

Plaintiff further testified that she departed immediately from defendant's aircraft upon its arrival at Pittsburgh, and proceeded to the area designated as the place for passengers to obtain their luggage. The aircraft upon which she arrived then continued on its schedule to other cities. There was no employee or agent of the defendant on duty at the baggage area when plaintiff arrived there, and the baggage of plaintiff and other passengers was left unattended. The area was dark. Plaintiff saw various people take luggage from the area. She was unable to locate one of her two parcels of luggage. It was not in said area. This luggage and its contents were of the value of $2,191.78.

An employee of the airlines testified that there was a sign on the wall behind the ticket window which had been there for several years, stating that the liability of TWA for damage or loss of luggage was limited to $250. Upon cross-examination this witness testified he did not remember the exact wording of the sign or its measurements. Plaintiff, who stated she was a frequent traveler of the airlines, testified she had never noticed such a sign.

On the date of the loss, defendant was a duly licensed air transport carrier and had filed in the proper office of the Civil Aeronautics Board its Rules Tariff No. PR–4, which contained the following:

"71. Limitation of Liability

"(A) The liability, if any, of all participating carriers for the loss of, damage to, or delay in the delivery of

any personal property, including baggage (whether or not such property has been checked or otherwise delivered into the custody of the carrier) shall be limited to an amount equal to the value of such property, which shall not exceed the following amounts for each ticket:

"$250.00 when * * * TW * * is responsible for the loss, damage or delay or when the transportation is entirely over the lines of two or more such carriers and it cannot be determined which carrier is responsible for the loss, damage or delay;

* * * * * *

"unless the passenger, at the time of presenting such property for transportation, when checking in for flight, has declared a higher value and paid an additional transportation charge, at the rate of 10 cents for each $100.00 or fraction thereof, by which such higher declared value exceeds the applicable amount set forth above, in which event carrier's liability shall not exceed such higher declared value.

"(B) The foregoing limitation shall also apply to baggage or personal property accepted by * * * TW * * * for temporary storage at a city or airport ticket office or elsewhere prior to the commencement or subsequent to the completion of the passenger's transportation."

Plaintiff's baggage claim check contains the following printed matter thereon:

"Baggage checked subject to tariffs, including limitations of liability therein contained."

It is urged by appellant that the trial court erred in not limiting plaintiff's recovery to $250, the amount tendered by it into the registry of the court and for which sum it offered to confess judgment. Whether this contention can be sustained depends upon whether the limitation of liability contained in § 71 of the Rules Tariff heretofore mentioned is valid, and under the circumstances binding upon the plaintiff.

■ Since this is an action by a passenger against a duly licensed air carrier which involves air interstate shipment of baggage, the rights and liabilities of the parties with respect thereto are to be determined by federal law. Mustard v. Eastern Air Lines, Inc., 338 Mass. 674, 156 N.E.2d 696; Randolph v. American Airlines, Inc., 103 Ohio App. 172, 144 N.E.2d 878; Wadel v. Amercian Airlines, Tex. Civ.App., 269 S.W.2d 855; Mack v. Eastern Air Lines, Inc., D.C., 87 F.Supp. 113; Melnick v. National Air Lines, 189 Pa. Super. 316, 150 A.2d 566.

The federal law applicable is the Civil Aeronautics Act, (Title 49 U.S.C.A.Supp. § 1301 et seq.). Section 1373 of the Act requires every carrier to file with the Civil Aeronautics Board, and print and keep open to public inspection tariffs showing all rates, fares and charges for air transportation, and, to the extent required by regulations of the board, showing all classifications, rules, regulations, practices and services in connection with such transportation. Section 1373(b) contains a provision prohibiting discrimination by providing that no carrier shall charge a greater or less or different compensation for air transportation or for any service in connection therewith than the charges specified in the currently effective tariff.

■ It was under the authority and direction of the above section of the Act that appellant filed with the Board its Rules Tariff No. PR–4, which contained the provision for limitation of liability for the loss of, damage to, or delay in delivery of baggage. Such provisions have been held to be a part of the contract of carriage, and valid and binding upon the passenger regardless of the latter's lack of knowledge or assent to the regulation. Mustard v. Eastern Air Lines, Inc., supra; Randolph v. American Airlines, Inc.,

486

supra; Mack v. Eastern Air Lines, Inc., supra; Melnick v. National Air Lines, supra; Wilkes v. Braniff Airways, Inc., Okl., 288 P.2d 377; S. Toepfer, Inc. et al. v. Braniff Airways, Inc., D.C., 135 F.Supp. 671; Wadel v. American Airlines, supra; Tannenbaum v. National Airlines, Inc., 13 Misc.2d 450, 176 N.Y.S.2d 400; Migoski v. Eastern Air Lines, Inc., Fla., 63 So.2d 634; and such an agreement is binding even though the loss occurs through the negligence of the carrier. Randolph v. American Airlines, Inc., supra; Melnick v. National Air Lines, supra; S. Toepfer, Inc. v. Braniff Airways, Inc., supra; Wadel v. American Airlines, supra; Lichten v. Eastern Airlines, 2 Cir., 189 F.2d 939, 25 A.L.R.2d 1337. The cases so holding draw a distinction between a contract immunizing a carrier from negligence and a contract limiting liability upon an agreed valuation. The latter does not offend against the policy of the law forbidding one from contracting against his own negligence. Randolph v. American Airlines, supra.

■ Under the foregoing authorities we feel compelled to rule that the limitation of liability contained in the tariff schedule above mentioned was valid and binding on the plaintiff and that the trial court erred in permitting a recovery in excess of $250, the amount tendered by defendant and paid into the registry of the court. Such ruling is consistent with our holding in Tilson v. Terminal R. R. Ass'n of St. Louis, Mo.App., 236 S.W.2d 42. In that case a similar tariff provision filed under the Interstate Commerce Commission's regulations limiting the liability of the operator of a railway station for the loss of luggage handled by redcaps was held to be valid and binding on the passenger.

The judgment is reversed and the cause is remanded with directions to enter a new judgment in favor of plaintiff and against the defendant for $250.

RUDDY and WOLFE, JJ., concur.