*Municipal Court of the City of Boston*
No. 133663

**ERNEST K. CAMPAGNA, p.p.a.**

**v.**

**GREYHOUND LINES, INC.**

Argued: Jan. 13, 1967   Decided: Jan. 25, 1967

*Present:* Adlow, C.J., Gillen, Canavan, J.J.
Case tried to *Glynn, J.*

*Adlow, C.J.* Action of contract or tort brought by a minor to recover for loss of

baggage during a trip made by the plaintiff between Boston and New York City. The defendant corporation was engaged as an interstate common carrier. On September 10, 1964 the plaintiff purchased a ticket for transportation by bus to New York City. On September 13, 1964 he boarded the bus after checking his baggage with the defendant and receiving a claim check for it. On arrival in New York the baggage could not be found. There was evidence that the value of the baggage and its contents was $455. There was evidence that the claim check issued to the passenger limited the carrier's liability to $25.00 ''unless a greater amount is declared in writing at time of checking, in which case charges for excess value will be collected and an excess valuation receipt will be issued.'' It was also stated on said claim check that '' (2) This check is accepted subject to all conditions of published tariffs.''

The defendant introduced in evidence a copy of National Baggage Tariff #A500-D, of which defendant was an issuing carrier, filed by National Bus Traffic Association, Inc., Agent, with the Interstate Commerce Commission. On December 15, 1964 the plaintiff, asserting his rights as a minor, disaffirmed any contract with the defendant.

On these facts the court found for the plaintiff in the amount of $25, and refused to rule as requested by the plaintiff that as a minor

he could disaffirm the contract and hold the defendant for the full amount of his loss. Being aggrieved by the refusal to rule as requested and by the finding in the amount of $25, the plaintiff brings this report.

At the outset it is pertinent to observe that as a common carrier by motor vehicle the defendant acting through its agent had filed with the Interstate Commerce Commission, "the rates, fares, and charges for transportation, and all services in connection therewith, of passengers or property in interstate or foreign commerce", and had complied with all the rules pertaining to the posting and publication of same, as required by law. 49 U.S.C., § 317 (a). Under the terms of this law it is forbidden for the carrier to charge a higher or lower rate than is enumerated in the tariff. 49 U.S.C., § 317(b). These rules prescribed by Federal law are a part of the contract made by the parties in the cause under review. They are binding on the parties and permit of no deviation. Unless a greater value has been declared and the excess charge paid, the passenger, though ignorant of the regulation, who checks his baggage without declaring any valuation, can only recover the limited amount. *Boston & Maine* v. *Hooker*, 233 U.S. 97; *Mustard* v. *Eastern Air Lines, Inc.*, 338 Mass. 674, 676. We are unaware of any authoritative ruling which permits an infant to disaffirm such a contract. While the contracts of minors are

generally voidable in Massachusetts, the rule has no universal validity. *J. G. Pierce* v. *Wallace*, 251 Mass. 383, 384. Keeping in mind that the primary and dominant purpose of the Federal law is to prevent discrimination, and that minors represent no inconsiderable part of the traffic carried by motor vehicle carriers, it is reasonable to assume that Congress did not intend to permit any exceptions to its enforcement. Had it desired to exempt minors from the operation of the Carmack Amendment it would have said so in express words. *McCall* v. *Parker,* 13 Met. 372, 381.

There was no error. **Report dismissed.**

WALTER LENDER

of Boston, for the Plaintiff

DANIEL H. RIDER

of Boston, for the Defendant