*Municipal Court of the City of Boston*

No. 178765

## VICTORIA GUERRIER

v.

## GREYHOUND LINES, INC.

Argued: Nov. 22, 1968   Decided: Dec. 6, 1968

*Present:* Adlow, C. J., Lewiton, Morrissey, J. J.

Case tried to *Foster, J.,* in the Municipal Court of the City of Boston   No. 178765

*Adlow, C. J.*  Action of contract or tort to recover for loss of baggage. The defendant, Greyhound Lines, Inc. is a public carrier serving the public on the basis of rates scheduled in accordance with the Interstate Commerce Act. *There was evidence that* on or about February 24, 1967, the plaintiff was a passenger for hire on the defendant's bus travelling from Baltimore to Boston. The plaintiff had checked her dress bag with its contents at the defendant's station in Baltimore. She did not declare any excess value or pay any excess charges thereon. The baggage check issued to the plaintiff showed on its back a limitation of liability not in excess of $25.00.

The defendant offered in evidence a copy of the National Baggage Tariff No. A500 filed

by the National Bus Traffic Association, Inc. Agent with the Interstate Commerce Commission. Under this tariff schedule, which became effective December 15, 1966, the free baggage allowance for each adult ticket had been increased from $25.00 to $50.00; copies of this tariff were available to the public in the Boston and Baltimore terminals of the defendant. Signs advising of the limitation of liability were available at both terminals. In this action the plaintiff claims damages for her loss to the amount of $172.00. The court found as a fact that the plaintiff had knowledge of the limitation of liability, and found for the plaintiff in the amount of $50.00.

It has been argued by the plaintiff that the limitation of $25.00 noted on the back of the baggage check issued to her was not in accordance with the $50.00 limit established by Act of Congress and was therefore of no effect. We do not agree. Whether the baggage check correctly described the limitation or not, the carrier is forbidden to charge a higher or lower rate than is enumerated in the tariff. 49 U.S.C. § 317 (b). These rules prescribed by Federal law are a part of the contract made by the parties in the cause under review. They are binding on the parties and permit no deviation. Unless a greater value has been declared and the excess charge paid, the passenger, though ignorant of the regulation, who checks his baggage without declaring any valuation, can only

recover the limited amount. *Boston & Maine* v. *Hooker,* 233 U.S. 97. *Mustard* v. *Eastern Air Lines, Inc.,* 338 Mass. 674, 676.

The finding of the court represents all that the plaintiff is legally entitled to recover. There was no error. **Report dismissed.**

ROBERT H. GREEN of Boston
  for the plaintiff

DANIEL H. RIDER of Boston
  for the defendant