*Northern District*

## No. 8395

## HARVEY H. GOLDBERG, et al
## v.
## DELTA AIR LINES, INC.

Argued: Dec. 18, 1975. Decided: Feb. 25, 1976.

Case tried to *Larkin, J.,* in the First District Court of Southern Middlesex. Number: 1940-R.

Present: Forte, J. (Presiding); Flynn, Bacigalupo, J.J.

Counsel for Plaintiff: Harvey H. Goldberg, of Framingham.

Counsel for Defendant: Robert Fulton, of Boston.

**Bacigalupo, J.** This is an action in tort for negligence to recover consequential damages for the failure of the defendant to deliver baggage of the plaintiffs to the plaintiffs as provided in a contract between the parties. The plaintiffs, husband and wife, passengers on a round-trip international flight between Boston and Bermuda on the defendant's airline allege that the defendant's negligent delay in delivering the plaintiff's baggage to them in Bermuda was the proximate cause of damages to them in out-of-pocket expenses in the amount of $483.95, and other damages by way of frustration and inconvenience.

The tickets for the international passage stated that the contract between the parties was subject to the Warsaw Convention, (an international treaty), applicable tariffs and related regulations all approved by the Civil Aeronautics Board (C. A. B.).

The plaintiffs arrived in Bermuda on May 21, 1973. The reported evidence indicates that "the defendant failed to deliver the plaintiffs' baggage and that said baggage contained most of the necessary clothing and equipment required by the plaintiffs to maintain themselves during the contemplated vacation period, that on May 23, 1973, the defendant still had not delivered the plaintiffs' luggage and the defendant had made no reasonable attempt to reimburse plaintiffs during this period, that the plaintiffs were required to terminate their vacation on May 23, 1973, and that said luggage was not delivered to the plaintiffs until May 27, 1973" at their home in Framingham, Massachusetts.

The trial court found for the plaintiffs in the sum of $750.

The defendant seasonably filed 13 requests for rulings, 5 of which were allowed and 8 of which were denied by the trial court. The defendant claiming to be aggrieved by the denial of 8 of its requests for rulings and by the general finding of the trial court duly claimed a report to this Division.

We deem it unnecessary to deal with these requests in detail as the thrust of the legal issues raised is that there can be no recovery against an air carrier for negligence beyond the putative compensation limits established by international air traffic conventions, relevant tariffs filed with and approved by the C.A.B., and that federal and not state law governs the liability, if any, of the carrier.

These issues were considered and disposed of in the case of *Mustard v. Eastern Air Lines, Inc.,* 338 Mass. 674, 676 (1959) which held that passenger tariff rules duly filed with the C.A.B. within the authority of applicable provisions of law, by a common carrier airline in interstate commerce, to the extent that they are valid become part of the contract between the carrier and passengers and are binding on the passengers whether or not they knew or assented to them and further, that the validity of C.A.B. approved tariffs and regulations must be determined according to federal law.

It would be redundant for us to review or comment on the long line of federal and state authorities cited by the court in support of the validity of air carrier limitation of liability in the contract of passage represented by the ticket.

The relevant tariff rule applicable to the case at bar is tariff rule 18 (k) entitled, "Limitation of Liability" which reads as follows:

> "Carrier shall not be liable in any event for any consequential or special damage arising from carriage subject to this tariff, whether or not carrier had knowledge that such damage may be incurred."

It appears to us that this tariff rule, binding on the plaintiffs as part of the contract of carriage disposes of the plaintiffs' claim for damages under the principles discussed and established in the *Mustard* case, *supra.*

The awareness of the trial court of the principles enunciated in the *Mustard* case is amply demonstrated by its scholarly, well-reasoned and interesting memorandum. Notwithstanding this, the trial court, in support of its finding for the plaintiff and its departure from the precedent of the *Mustard* case, appears to rely on the "protracted hiatus" since the issue raised by the case at bar was considered in *Mustard* and the emergence of a line of cases in other jurisdictions "which refuse to limit airline liability to that stated in the fine print on tickets."

We share the concern of the plaintiff and of the trial court with respect to the limitation of liability imposed on the plaintiff in cases such as the one before us. However attractive they may be, personal views cannot transcend or prevail over the limitations enunciated by applicable decisions of the Supreme Judicial Court.

It is established in this jurisdiction that neither the trial court, nor the Appellate Division is at liberty to depart from established principles governing the resolution of legal issues before it. *Burke v. Toothaker,* Mass. App. Ct. Adv. Sh. (1973) 271, 295 N.E.2d 184 (1973); *Luca v. M.B.T.A.,* Mass. App. Ct. Adv. Sh. (1975) 355, 324 N.E.2d 385, 386 (1975).

As was held in *Mustard,* supra 678, "Any arguments based upon public policy against restricting liability for the consequences of one's own negligence, are of no present pertinance". The provisions of the contract foreclosing liability for consequential or special damages was undoubtedly a consideration in determining the charge for the transportation of the pas-

We conclude therefore that the finding for the plaintiff was error, that said finding is to be vacated and a finding entered for the defendant.