## No. 16,660.

## RADINSKY v. WESTERN AIR LINES, INC.

(242 P. [2d] 815)

Decided March 17, 1952.

Mr. ALBERT T. FRANTZ, for plaintiff in error.

Messrs. JANUARY & YEGGE, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

THE parties to this action are here aligned as they appeared in the trial court. Plaintiff had judgment for $100.00, and brings the cause here for review, asserting that he is entitled to recover $1,044.00, the alleged value of his traveling bag and contents, which were lost while

in the possession of defendant. The issue presented relates solely to the measure of damages recoverable by plaintiff.

The original complaint in the action is not before us. Some two years after it was filed, and after defendant had filed an offer to allow judgment to enter against it for $100.00, plaintiff filed an amended complaint in which he alleged defendant was a common carrier of passengers, *baggage,* goods, wares and merchandise; that on June 15, 1945 plaintiff was a passenger on defendant's airline with a company ticket which entitled him to transportation from Salt Lake City, Utah to Los Angeles, California, and which ticket permitted transportation of personal *baggage;* that at said time and place plaintiff delivered his *baggage*—consisting of two bags—to the employees of defendant, from whom he received *baggage checks,* and that upon the arrival of plaintiff in Los Angeles he presented only one of said *baggage checks;* received one of his bags and left the other bag in the care and custody of defendant at its baggage room in Los Angeles, until he returned from San Francisco, California. This *baggage,* plaintiff alleged, was represented by a certain numbered *baggage check.* Plaintiff further alleged he later presented the *baggage check* to defendant at its baggage room; was advised said baggage was not there, and that upon demand defendant failed to deliver his baggage to him. Plaintiff set forth that the contents of the undelivered bag included clothing, valuable jewelry and business documents of the total value of $1,044.00. (Emphasis supplied.)

In its answer defendant admitted practically all the allegations in the complaint, except those relating to the value of the lost baggage, and as affirmative defenses set up the provisions of its tariffs limiting liability for lost baggage, which provided:

"The liability, if any, for loss or damage to checked baggage or for delay in the delivery thereof is limited

to its value and, unless the passenger declares in advance a higher valuation and pays an additional charge therefor, the valuation shall be conclusively deemed not to exceed $100.00 for each ticket.

"Money, jewelry, silverware, samples, negotiable papers, securities and similar valuables or business documents will be carried only at the risk of the passenger."

It was stipulated that no higher valuation was declared by plaintiff.

The issues being thus joined, defendant took depositions in foreign states to prove matters set forth in its answer, and obtained from the proper authorities the official documents evidencing its limited liability under its tariffs, not only as to value, but as to the character of personal property of passengers which it undertook to transport.

It is apparent from plaintiff's complaint that his case was based on the fact that he was a passenger and his baggage was carried pursuant to the contract evidenced by his ticket. Printed on the ticket was the statement that it was sold subject to defendant's tariff regulations.

Upon the trial, without attempting to amend his pleadings, plaintiff sought to introduce certain California statutes (not abstracted, or in the record) relating, it is said in the briefs, to the liability of California warehousemen and certain decisions of the Supreme Court of California appertaining to such liability. Objection being made, the trial court sustained the objection to the introduction of this evidence. This ruling was correct. Defendant was not a warehouseman as that term is defined by the California statute. By this statute a warehouseman is "one lawfully engaged in the business of storing goods for profit." Here the defendant was a gratuitous bailee for the accommodation of plaintiff.

There is no dispute that defendant's tariffs limited its liability for loss of, or damage to, baggage of a passenger to one hundred dollars, unless a greater valuation was declared by the passenger and an additional

charge paid. These tariffs also provided that jewelry and documents were carried only at owner's risk. When plaintiff's baggage was transported from Salt Lake City to Los Angeles, it was carried subject to these tariff regulations, and defendant's limited liability for loss of, or damage to, plaintiff's property thus transported. Upon arrival at Los Angeles defendant became a bailee for the accommodation of plaintiff. As a gratuitous bailee, in the absence of a special contract, defendant assumed no greater liability for loss of plaintiff's baggage, than it had assumed when it transported the baggage to Los Angeles.

By section 1840 of the Civil Code of California, it is provided: "The liability of a depository for negligence cannot exceed the amount which he is informed by the depositor, or has reason to suppose, the thing deposited to be worth."

We hold that the limit of valuation placed on plaintiff's baggage by defendant's tariffs must be held to apply to defendant's responsibility as bailee. Under the record in this case the bailment was not wholly independent of the contract of carriage. In accepting this bailment, defendant was justified in assuming the bag did not contain jewelry or valuable documents, and that its value did not exceed one hundred dollars.

The judgment is affirmed.