JUDITH NAVARRO, Respondent, *v.* AMERICAN AIRLINES, INC., Appellant.

Supreme Court, Appellate Term, First Department, April 28, 1955.

*Joseph A. Minch* and *Robert M. Kelley* for appellant.

*Jacob Freed Adelman* for respondent.

*Per Curiam.* It was error to instruct the jury that limitation of liability, if found to be binding upon plaintiff at time of receipt of her baggage, must be deemed terminated as a matter of law when her ticket was later cancelled, so that for loss thereafter occurring full value was recoverable. When a bag is placed on a plane and the owner arrives too late to board or so close to scheduled departure as to authorize his exclusion, the airline is under no duty to delay the take-off in order to look for, and return, his bags. In that event, the initial limited baggage liability must be held to survive the subsequent ticket cancellation. The proper charge should have been, as defendant's request suggested albeit somewhat vaguely, that it was for the jury to determine whether upon all the facts of this case limited liability, if found, should be deemed terminated when plaintiff's passage was later cancelled. It should have been instructed that such termination could be found only if each of the following facts had been proved to its satisfaction: that the airline was at fault in excluding plaintiff and canceling her ticket, with no provision made for her taking another plane within a reasonable time to the same destination; and that the airline had sufficient time and available means after the cancellation and prior to the take-off to remove her bags. The instruction on this point was obviously significant in the result reached, as indicated by the jury's request for clarification in the midst of its deliberations. A new trial must therefore be had. In order to avoid confusion in the new trial as well as to permit a re-examination of the elements of legal proof of damages required to warrant a substantial award for " inconvenience and embarrassment ", a new trial of the entire action, including the second cause of action, is ordered.

The judgment should be reversed and new trial ordered, with $30 costs to appellant to abide the event.

HOFSTADTER, EDER and BRADY, JJ., concur.

Judgment reversed, etc.