*105 Chief Judge Desmond.
The suit is against Railway Express Agency, Inc., for the value of a quantity of platinum which disappeared after being entrusted to the Express Agency for interstate transportation. Plaintiff’s recovery was limited by the trial court to $50 because plaintiff’s agent had declared a $50 value to defendant at the time of shipment and had not paid the much higher express rate that would have been due pursuant to defendant’s tariffs had the value of the platinum (about $56,000) been correctly declared to defendant. The Appelate Division modified and ordered judgment for plaintiff for the full value less the balance of transportation charges due at the higher rate for higher value. We affirm that judgment. Although the shipper had .declared a $50 value only, the carrier’s agent was at the time of acceptance of the shipment told that the package contained platinum and wrote “ platinum ” on the receipt. Defendant’s tariffs required that precious metals such as platinum be received and carried under what is called the “ money classification ’’and not under the “ merchandise classification All shipments of merchandise subject to the “ money classification ” were, according to the tariff, required to be charged for at the so-called " gold coin rates ’ ’ without any choice of rates dependent on value. The Appellate Division opinion cited the settled rules that unless a shipper be given a choice of rates an interstate carrier cannot limit its liability to less than the true value, that a carrier cannot charge or receive a rate different from that specified in its currently effective tariff, and that it is the regulatory scheme of the Interstate Commerce Act (U. S. Code, tit. 49, § 1 et seq.) which governs, not the common law. It is undisputed that the carrier here knew that it was accepting a shipment of platinum. From that fact it followed that defendant was bound to charge the shipper the full tariff rate for a precious metal and that the statement of a lower value wias ineffective for limiting liability (New York & Honduras Rosario Min. Co. v. Riddle Airlines, 3 A D 2d 457, affd. 4 N Y 2d 755).
Defendant’s tariff quite clearly says and means that platinum is to be shipped only under the “ money classification ” and at the rate charged for shipments of gold coin. Thus, this shipper had no choice between a lower rate for lower declared value, and a high rate for full value. Two years ago we passed on these identical questions of law in New York & Honduras Rosario Min. *106 Co. v. Riddle Airlines (4 N Y 2d 755, supra). In Rosario, plaintiff mining company had shipped gold and silver bullion on two airlines called TAN and Biddle Airlines, from Honduras to the United States. TAN carried the package to Miami, then Biddle picked it up and took it to New Jersey. The original airway bill of lading issued by TAN provided that the shipper was required to accept the tariffs, classifications and rates of both carriers. TAN’s tariffs permitted the carriage of bullion at reduced rates at a nominal declared valuation of $100 but there was no such reduced rate or limitation of liability available in Biddle’s tariffs. Some of the bullion was lost while in the custody of Biddle. The courts held Biddle liable on the ground that while Biddle’s tariffs allowed it to limit liability with respect to cargo generally, there was an entirely different provision as to this bullion as to which actual value was required to be declared and as to which freight charges had to be paid on weight and actual value. In Rosario, as here, the shipper declared a nominal value and paid freight thereon instead of declaring actual value and paying rates based thereon. There was no enforcible limitation of liability and the carriage agreement was treated as if the bullion had been declared at actual value. The facts of the present case bring it directly within the Rosario decision and of many older State and Federal holdings’ (see, for instance, Burke v. Union Pacific R. R. Co., 226 N. Y. 534, 543, affd. 255 U. S. 317; Emily Shops v. Inter-State Truck Line, 2 N Y 2d 405).
The facts here are undisputed and nothing in them absolves defendant from full liability. This platinum weighing about 50 pounds and 'belonging to plaintiff was received by defendant’s driver at a safe deposit vault of a New York City bank from two men representing a company known as Colamer, acting for plaintiff in the transaction. When defendant’s driver received it, the platinum was in a box completely wrapped, covered with sealing tape, bound with wire strappings, all sealed up. On the package there were shipping tags showing that it was destined for a consignee in Pennsylvania. There was nothing on the package to show the nature of the contents or their value and the driver was not at any time told the actual value. However, he was told on receipt of the package that it contained platinum and he wrote “ platinum ” on the receipt which he gave to the Colamer representatives. This receipt was in the ordinary *107 merchandise form and was not the form of receipt which defendant used on acceptance of gold coin and precious metals. The driver did not have in his possession any of the latter type of receipt. He asked the Colamer representatives whether they wished to declare a value and they replied ‘ ‘ $50 ’ whereupon the driver collected $2.90, the ordinary freight rate for ordinary merchandise of a declared value of $50. The Colamer representatives knew that the actual value was some $56,000.
The rate for precious metals for the distance here travelled was $130.93 instead of the $2.90 actually charged. Although the only value declared to the driver was $50, he entered the shipment in a so-called “ value book ” carried by him in which there are entered records of shipments with declared value of $50 or more per pound. When he arrived at defendant’s freight depot in Long Island City he turned the package over to another representative of defendant who told the driver that this was not a ‘ ‘ value shipment ’ ’ because only $50 was declared. But the other man was then told by the driver that the box contained platinum and the package was put into the so-called “ value room ” where precious metals, etc., are kept. The express company’s rules required that a shipment of precious metals not only be put into the “ value room” but that it be handled under armed guard. The latter precaution was not carried out as to this shipment. However, as it seems to us, the question is not whether the express company treated this as a valued shipment of precious metals. The applicable law plainly states that neither the character of service nor the rates could validly be changed from those expressed in the tariffs.
The arguments of defendants are based on the express receipt’s stated limitation to $50, on defendant’s lack of knowledge of the actual value, and on the statement of plaintiff’s agent at the time of shipment that plaintiff had its own “ outside insurance ’ ’. All these arguments are answered by the Rosario decision (supra).
The judgment appealed from should be affirmed, with costs.