**Joseph VOGELSANG and George Schmits, co-partners doing business under the firm name and style of Whitehouse Bros., Plaintiffs,**

v.

**DELTA AIR LINES, INC., Defendant.**

United States District Court
S. D. New York.
April 10, 1961.

Greenhill & Speyer, New York City, Simon Greenhill, New York City, of counsel, for plaintiffs.

Bigham, Englar, Jones & Houston, New York City, John L. Conners, New York City, of counsel, for defendant.

SUGARMAN, District Judge.

Defendant Delta Air Lines, Inc., moves for a summary judgment in its favor in an action brought against it for the negligent loss by defendant of one of two two bags owned by plaintiffs and checked with movant in connection with the air transportation of George Schmits, one of the plaintiffs.

As alternative relief, defendant asks for the entry of a judgment in plaintiffs' favor in the sum of $100, the limit of defendant's liability under defendant's tariff filed with the Civil Aeronautics Board.

Plaintiffs are a partnership engaged in the manufacture of jewelry for sale to retailers.

The bag, which was checked with defendant at the flight origin, Cincinnati,

Ohio, and which was lost, contained loose diamonds and sample jewelry said to be worth over $69,000. It is assumed on this motion that this bag was given to a stranger at the flight destination, Jacksonville, Florida, through defendant's negligence.

■ In support of its contention of no liability whatsoever, defendant relies on those portions of Rules 65(B) (1) and 70(B) of its filed tariff which read:

"Rule 65—Acceptance of Baggage— General

\*   \*   \*   \*   \*   \*

"(B) *Conditions of Acceptance*

"(1) *General*—Carrier will accept for transportation as baggage such personal property as is necessary or appropriate for the wear, use, comfort, or convenience of the passenger for the purposes of his trip, \* \*."

"Rule 70—Liability of Carrier

\*   \*   \*   \*   \*   \*

"(B) [Delta Air Lines, Inc.] shall not be liable for the loss of, injury to, or delay in the delivery of any personal property which is not acceptable for transportation pursuant to Rule 65 (Acceptance of Baggage)."

It is defendant's argument that jewelry such as was lost was not "acceptable for transportation" and therefore it is not liable for the loss thereof. It requires but a reading of Rule 65(B) (1) framed in language composed by defendant to conclude that this proposition is without merit. The primary purpose of Schmits' trip was to sell his wares. It was certainly "necessary" and "appropriate" for his "convenience" to have his sample case carried as baggage for the "purposes of his trip" within the meaning of the tariff. If, as the defendant seems to argue, it intended to limit acceptable baggage to property normally used upon the person of the passenger it

certainly did not say so. It is bound by the fair meaning of the language it employed. Defendant therefore may not obtain complete exoneration from liability under Rule 70(B).

■ Defendant's alternative position that its maximum responsibility to plaintiffs is limited to the amount of $100 by Rule 71 of the tariff which in pertinent part provides:

"Rule 71   Limitation of Liability

"(A) The liability, if any, of all participating carriers for the loss of, damage to, or delay in the delivery of any personal property, including baggage (whether or not such property has been checked or otherwise delivered into the custody of the carrier) shall be limited to an amount equal to the value of such property, which shall not exceed the following amounts for each ticket:

\*   \*   \*   \*   \*   \*

"$100.00 when any other carrier [including Delta] is responsible for the loss, damage or delay \* \* \* unless the passenger, at the time of presenting such property for transportation, when checking in for flight, has declared a higher value and paid an additional transportation charge, at the rate of 10 cents for each $100.00 or fraction thereof, by which such higher declared value exceeds the applicable amount set forth above, in which event carrier's liability shall not exceed such higher declared value."

is sound.

Lichten v. Eastern Airlines [1] is clear authority that under the rule of "primary jurisdiction", the tariff provisions are to be given effect to the extent they are applicable to plaintiffs' claim.

Plaintiffs' request that the district court reject this controlling decision,

---

**1.** 2 Cir., 1951, 189 F.2d 939, 25 A.L.R.2d 1337.

since reiterated by the Court of Appeals for this circuit,[2] must be denied.

A judgment will be entered in favor of the plaintiffs in the amount of $100.[3]

Settle an order.

2. Herman v. Northwest Airlines, 2 Cir., 1955, 222 F.2d 326, certiorari denied 1955, 350 U.S. 843, 76 S.Ct. 84, 100 L. Ed. 751.

3. Twentieth Century Delivery Services, Inc. v. St. Paul Fire & Marine Ins. Co., 9 Cir., 1957, 242 F.2d 292, 302.