PER CURIAM.
Appellant, the plaintiff below, purchased a ticket for transportation from New York to Miami. She checked three bags and boarded the designated plane, scheduled to depart at 9:30 A.M. The plane appears to have been oversold. Plaintiff was put off. The plane departed a half hour or more late. Plaintiff’s bags were not removed. Several hours later plaintiff was furnished transportation to Miami on another line. When she arrived in Miami two • of her bags were there but the third could not be found. Plaintiff sued the defendant carrier for loss of her luggage, and sought punitive damages for inconvenience and humiliation for being removed from the plane after having been given a reservation. The trial court struck the allegations on the latter claim, and, on trial, directed a verdict for the plaintiff for $100 which was the amount of liability for the loss as specified in an applicable tariff regulation, plus $3 expended for a long distance telephone call. Plaintiff has appealed the consequent judgment. Appellant conceded the tariff limitation of $100 for loss of the bag and its contents, but contended the limitation was not applicable on the facts. The argument lacks merit. The area of transportation was not exceeded with reference to the luggage. No unusual delay occurred. The luggage preceded the passenger to the destination. The carrier’s liability continued while holding the luggage at the terminus of the trip for the several hours until the passenger arrived.[1] *489 The trial judge was eminently correct in ruling out the claim of punitive damages for inconvenience, etc. Plaintiff’s ticket was not cancelled. Other suitable transportation was arranged and effected for her on another plane within a reasonable period. See Migoski v. Eastern Air Lines, Fla.1953, 63. So.2d 634; Lichten v. Eastern Air Lines, 2 Cir.1951, 189 F.2d 939. Cf. Navarro v. American Air Lines, 208 Misc. 127, 142 N.Y.S.2d 725.
Affirmed.

. The Passenger Rules Tariff involved contained the following:
“Limitation of Liability
“(A) The liability, if any, of all participating carriers for the loss of, damage to, or delay in the delivery of any personal property, including baggage (whether or not such property has been checked or otherwise delivered into the custody of the carrier) shall be limited to an amount equal to the value of such property, which shall not exceed the following amounts for each ticket:
# * * * *
“$100.00 when any other carrier is responsible for the loss, or delay or when the transportation is entirely over the lines of two or more such carriers and it cannot be determined which carrier is responsible for the loss, damage or delay;
* # * * *
Unless the passenger, at the time of presenting such property for transportation, when checking in for flight, has declared a higher value and paid an additional transportation charge, at the rate of 10 cents for each $100.00 or fraction thereof, by which such higher declared value exceeds the applicable amount set forth above, in which event carrier’s liability shall not exceed such higher declared value.
*****
“(B) The foregoing limitation shall also apply to baggage or personal property accepted by the carrier for temporary storage at a city or airport ticket office or elsewhere prior to the commencement or subsequent to the completion of the passenger’s transportation.”