211 So.2d 912

**EASTERN AIR LINES**

v.

**Lois WILLIAMSON.**

**3 Div. 209.**

Supreme Court of Alabama.

June 13, 1968.

Ball & Ball, Montgomery, for appellant.

Hill, Robison & Belser, Montgomery, for appellee.

KOHN, Justice.

This is an appeal from a final judgment of the circuit court of Montgomery County in favor of plaintiff, Lois Williamson, against the defendant Eastern Air Lines. Judgment for $1,500 was entered by the court on a jury verdict of the same amount in plaintiff's suit for breach of contract against Eastern for lost luggage.

The action was commenced on February 24, 1965, when plaintiff filed suit against Eastern, a common carrier, for $3,000. The case was tried before a jury on May 27, 1965, whereupon the above verdict was rendered and judgment entered.

Defendant's motion for a new trial was overruled by the trial court on July 19, 1965 and it appeals from this ruling, as well as the judgment of the court entered on the jury verdict.

On February 24, 1965, plaintiff purchased an airline ticket from United Air Lines in San Francisco, California, for a flight to Montgomery, Alabama. United routed her to Los Angeles aboard one of its own aircraft, from Los Angeles to New Orleans aboard Delta Air Lines, and from New Orleans to Montgomery aboard Eastern. No ticket was issued plaintiff by Eastern. Eastern merely furnished transportation under the ticket issued by United.

Plaintiff paid the entire fare to Montgomery at the time she purchased the ticket in San Francisco and checked her baggage through to Montgomery, with the understanding that Eastern would deliver the baggage to her in Montgomery.

Due to a close connection of flights in New Orleans, Delta was unable to transfer plaintiff's luggage to the Eastern flight before its departure. When she arrived in Montgomery, an Eastern representative made arrangements for the luggage to be sent from New Orleans to Atlanta so that it could be put aboard the next incoming Eastern flight into Montgomery. The flight on which the luggage was placed crashed and plaintiff's property was not recovered.

Plaintiff claimed the value of her luggage and its contents totaled $3,210.06. Of this amount, the jewelry in her bag had a total value of $1,516.77, leaving a value of $1,693.29 allocable to her clothing and luggage.

Eastern's tariff, filed pursuant to the Federal Aviation Act, 49 U.S.C.A. § 1373, specifically provides that its liability for loss of or damage to luggage shall be limited to $250, unless the passenger declares a higher value and pays 10 cents per $100 on the excess value declared at the time he presents the luggage for transportation.

424

The tariff further provides that in no event should Eastern be responsible for loss of jewelry.

Plaintiff testified that she was not advised of her option to declare, and did not declare, any excess value at the time she presented her luggage for transportation at San Francisco. It was shown, however, that the ticket issued to her provided in bold print that it was sold "SUBJECT TO TARIFF REGULATIONS." The "Baggage Claim Tag" issued to her when she checked her baggage with the airline had printed thereon, "Baggage checked subject to tariffs, including limitations of liability therein contained." Also, it was shown that plaintiff's luggage was overweight and the receipt issued her for payment of excess weight of 10 lbs. stated "Your Receipt for Excess Baggage Charges Sold Subject to Tariff Regulations." Plaintiff admitted in court that she did not read the ticket.

On the back of the airline ticket sold to plaintiff, the following language is found under the caption "Conditions of Contract":

"(4)(d) Any liability of carrier is limited to 250 French gold francs (consisting of 65½ milligrams of gold with a fineness of nine hundred thousandths) or its equivalent per kilogram in the case of checked baggage, and 5,000 such French gold francs or its equivalent per passenger in the case of unchecked baggage or other property, unless a higher value is declared in advance and additional charges are paid pursuant to carrier's tariffs or regulations. In that event the liability of carrier shall be limited to such higher declared value. * * "

The trial court in its oral charge treated the language of the tariff, the airline ticket, and the baggage checks as part of the contract of carriage. The court charged the jury that if the language was certain and capable of understanding, then both parties were bound by the terms of the documents; but if the language was uncertain and ambiguous so that the parties

could not understand it, then they would not be bound. The court further ruled that there could be no doubt as to the language concerning the limitation on defendant's liability for lost jewelry, and charged the jury that there was no liability for the lost jewelry, thus charging out recovery.

The basic issue here is whether defendant is liable to plaintiff in the amount of $250, the limit provided in its tariff, or liable in the amount of $1,500, the verdict of the jury.

Defendant (appellant) contends that the airline tariff it filed with the Civil Aeronautics Board is valid and binding on the plaintiff, and that the trial court should have instructed the jury that the limit of defendant's liability was $250.

Plaintiff (appellee) contends that the limitations of liability contained in published tariffs are contractual in nature and are subject to waiver by act of the carrier. Plaintiff argues that the language of § (4)(d) of the "Conditions of Contract" on the back of the ticket, when considered with the terms of the tariff, make the entire contract so ambiguous as to make the tariff limitations unenforceable. Plaintiff contends that the act of the carrier in inserting into the contract of carriage a foreign currency limitation made the contract misleading and ambiguous, and constituted the "waiver" which prevents defendant from relying on its tariff limitations of liability. As plaintiff puts it in her brief:

"We respectfully submit that in view of the contractual basis of the tariff limitations of liability—being part of Appellee's contract of carriage—the carrier, could, by misleading conduct waive the right to rely on a limitation contained in the published tariff."

We believe reversible error was committed by the trial court in allowing the jury to return a verdict in excess of $250.

■ Since this is an action by a passenger against a duly licensed air carrier which involves air interstate shipment of baggage, the rights and liabilities of the parties with respect thereto are to be determined by federal law. Berkman v. Trans World Airlines, Inc., 209 F.Supp. 851 (S.D.N.Y.1962); Milhizer v. Riddle Airlines, Inc., 185 F. Supp. 110 (E.D.Mich., S.D.1960), affirmed 289 F.2d 933 (6th Cir. 1961); Rosenschein v. Trans World Airlines, Inc., 349 S.W.2d 483 (Mo.App.1961); Randolph v. American Airlines, Inc., 103 Ohio App. 172, 144 N.E. 2d 878 (1956); Wadel v. American Airlines, Inc., 269 S.W.2d 855 (Ct. of Civ. App. of Tex. 1954).

The federal law applicable is the Federal Aviation Act of 1958, 49 U.S.C.A. § 1301 et seq. Section 1373 of the Act requires every carrier to file with the Civil Aeronautics Board, and print and keep open to public inspection tariffs showing all rates, fares and charges for air transportation, and, to the extent required by regulations of the board, showing all classifications, rules, regulations, practices and services in connection with such transportation.

It was under the authority and direction of the above section of the Act that defendant filed with the Board its tariff containing provisions for limitation of liability in the amount of $250 for the loss of or damage to the baggage of its customers.

■ Such provisions contained in tariffs are held to be valid and binding upon the passenger regardless of the latter's lack of knowledge or assent to the provisions thereof. Kellett v. Alaga Coach Lines, 34 Ala. App. 152, 37 So.2d 137; Rosenschein v. Trans World Airlines, supra; Tannenbaum v. National Airlines, Inc., 13 Misc.2d 450, 176 N.Y.S.2d 400 (1958); Wilkes v. Braniff Airways, Inc., 288 P.2d 377 (Okl.1955); Wadel v. American Airlines, supra.

■ It has been held that upon the filing of the tariff with the Civil Aeronautics Board, the tariff becomes a part of the contract under which the passenger and his baggage are carried. Kellett v. Alaga Coach Lines, supra; Lichten v. Eastern Airlines, Inc., 189 F.2d 939, 25 A.L.R.2d 1337 (2nd Cir. 1951); American Airlines, Inc. v. Miller, 163 Tex. 400, 356 S.W.2d 771 (1962); Melnick v. National Air Lines, 189 Pa.Super. 316, 150 A.2d 566 (1959).

■ Allowing carriers to file tariffs limiting their liability for negligence does not change the common rule forbidding one from contracting against his own negligence. It simply means that the carrier shall obtain commensurate compensation for the responsibility assumed. Rosenschein v. Trans World Airlines, Inc., supra; Randolph v. American Airlines, supra.

■ Under the tariff provisions, if was plaintiff's duty to declare the higher rate if she wished protection in excess of the limited amount. Vogelsang v. Delta Air Lines, Inc., 193 F.Supp. 613 (S.D.N.Y.1961), affirmed 302 F.2d 709 (2d Cir. 1962); Milhizer v. Riddle Airlines, Inc., supra; Melnick v. National Air Lines, supra; Wilkes v. Braniff Airways, Inc., supra; Jones v. Northwest Airlines, 22 Wash.2d 863, 157 P.2d 728 (1945); Radinsky v. Western Air Lines, Inc., 125 Colo. 286, 242 P.2d 815 (1952).

This precise subject is treated in 8 Am. Jur.2d, Aviation, § 46, pp. 664–666, where it is stated:

"Tariffs filed, pursuant to federal statute, with the Civil Aeronautics Board by an air carrier, and approved by the Board, constitute a part of the contract for the carriage of property or a passenger's baggage, and, to the extent to which an air carrier's duly filed tariffs limiting liability for loss of a passenger's baggage are valid, they become a part of the carrier's contract with the passenger. The liability of an interstate airline carrier respecting baggage of a passenger is limited under the carrier's tariff to the value stated therein where no higher valuation was declared or additional charges paid, as required by the tariff. An air carrier is not liable for the loss·

of baggage in an amount in excess of the limits specified in the tariff, which was filed with the proper authorities, such tariff being binding on the passenger regardless of the passenger's lack of knowledge thereof or assent thereto. * * *

"It is well established that where a tariff is filed by an air carrier for interstate transportation, the applicable law with respect to loss of or damage to baggage or freight resulting from negligence is federal law and that, under such law and pursuant to the Federal Aviation Act, air carriers may limit their liability for negligence. Thus, the long-standing prohibition against stipulations by carriers against their own negligence may be circumvented in the field of air transportation by filing a tariff containing such a stipulation as to property with the Civil Aeronautics Board, if such tariff is approved by the Board. * * *"

In the face of this authority, it is difficult to see how plaintiff's position can be sustained. She admittedly did not read the "Conditions of Contract" printed on the reverse side of the ticket issued to her. Yet, she now contends that § (4) (d) of those conditions was so ambiguously worded as to mislead her and cause the contract to be so ambiguous as to make the tariff provisions unenforceable. The fact remains, that the words "SOLD SUBJECT TO TARIFF REGULATIONS" were printed in bold face type on the same side of the ticket. In our view this could only mean that the provisions contained in the tariff had primacy over the "Conditions of Contract" printed on the ticket.

Under the foregoing authorities, we feel compelled to rule that the limitation of liability contained in the tariff schedule, above mentioned, was valid and binding on the plaintiff, and that the trial court erred in permitting a recovery in excess of $250.

A judgment will be entered here that unless the appellee files a remittitur of the amount of the judgment of the trial court in excess of $250 with the Clerk of this Court within thirty days, as provided by Section 811, Title 7, Code of Alabama, 1940, the judgment of the trial court shall be reversed and remanded. If such remittitur is duly filed, the amount of the judgment shall be reduced to $250; the cause shall stand affirmed; and a judgment shall be entered here for the appellee for $250 with interest from the date of the rendition of the judgment in the trial court.

Affirmed conditionally.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.