**PROGRESS JEWELRY CO., Inc.,**
**Plaintiff,**

v.

**NORTHWEST ORIENT AIRLINES,**
**INC., Defendant.**

**No. 65 Civ. 632.**

United States District Court
S. D. New York.
April 15, 1969.

Rein, Mound & Cotton, New York City, for plaintiff; Samuel A. Berger, Robert L. Horkitz, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant; John L. Conners, John V. McAuliffe, New York City, of counsel.

MEMORANDUM

BONSAL, District Judge.

Plaintiff Progress Jewelry Co., Inc. (Progress) instituted this action against defendant Northwest Orient Airlines, Inc. (Northwest) in the Supreme Court,

New York County, alleging that Northwest had negligently lost a sample case containing jewelry worth in excess of $100,000. Northwest removed the action to this court on the grounds that diversity of citizenship existed and that the action arose under the laws of the United States.

Northwest now moves, pursuant to Rule 56, F.R.Civ.P., for summary judgment in favor of Progress, limiting Progress' recovery to $250.00. Progress cross-moves for partial summary judgment in its favor, holding Northwest liable without limitation, and reserving for trial the amount of its damages.

On March 19, 1964, Martin Pokrass, a salesman for Progress, which company sold expensive jewelry to retail stores throughout the United States, made a reservation for Northwest's Flight No. 316 from Detroit to Cleveland. He checked in at the Northwest ticket counter one hour before the scheduled departure of the flight, gave to the Northwest ticket agent three pieces of baggage, consisting of a bag of personal belongings and a sample case which was separated into two sections, and received three baggage claim checks, each of which stated on the back:

"BAGGAGE CHECKED SUBJECT TO TARIFFS: INCLUDING LIMITATIONS OF LIABILITY THEREIN CONTAINED."

Pokrass did not reveal the contents of the sample case to the ticket agent because he was under instructions from Progress not to tell anyone that it contained jewelry (which Progress claims was worth more than $100,000). The three pieces of baggage checked with Northwest by Pokrass weighed 72 pounds more than the weight allowed per passenger, but Northwest failed to charge Pokrass for excess baggage as required by Rule 69 [1] of the Local and Joint Passenger Rules Tariff (the tariff rules), filed with the Civil Aeronautics Board (the C.A.B.) pursuant to 49 U.S. C. § 1373(a).

Pokrass boarded Flight No. 316. When he arrived in Cleveland he did not find the two sections of his sample case at the baggage counter, and to date they have not been recovered.

Pokrass testified at his examination before trial that he knew the three bags he was carrying were subject to the tariff rules limiting liability and that if he declared the true value of the contents of the sample case it would exceed $5,000, which was the limit of Northwest's liability for over-valued items.

While Northwest states that it is not liable to Progress under Rule 70(C) of the tariff rules, which provides:

"* * * NW [Northwest] * * * [is] not liable for loss, damage to, or delay in the delivery of fragile or perishable articles, money, jewelry, silverware, negotiable papers, securities or other valuables, business documents, or samples which are included in the passenger's checked baggage, whether with or without the knowledge of carrier."

it contends that even if it is liable, its liability is limited to $250.00 under Rule 71 of the tariff rules, which provides:

"(A) The liability, if any, of all participating carriers for the loss of, damage to, or delay in the delivery of any personal property, including baggage (whether or not such property has been checked or otherwise delivered into the custody of the carrier) shall be limited to an amount equal to the value of such property, which shall not exceed the following amounts for each ticket:

$250.00 when * * * N.W. [Northwest] * * * is responsible for the loss, damage or delay * * *

unless the passenger, at the time of presenting such property for transpor-

---

1. Rule 69 of the tariff rules provides:
"*Any baggage*, the weight of which exceeds the applicable maximum free allowance, will be accepted for transportation only upon payment of excess weight charges * * *" (Emphasis in original.)

tation, when checking in for flight, has declared a higher value and paid an additional transportation charge, at the rate of 10 cents for each $100.00 or fraction thereof, by which such higher declared value exceeds the applicable amount set forth above, in which event carrier's liability shall not exceed such higher declared value * * *

(C) No participating carrier will accept for transportation or for storage personal property, including baggage, the declared value of which exceeds:

> For * * * NW [Northwest] [$] 5,000.00"

Conceding that the sample case had a value of $250.00, Northwest takes the position that its total liability for the loss of both the sample case and the jewelry cannot exceed $250.00, under Rule 71(A).

Since Northwest concedes that it is liable under Rule 71(A) for $250.00 for the loss of the sample case, and since that amount is Northwest's maximum liability under the tariff rules, absent a declaration of higher valuation under Rule 71(C), the court is not presented with the question of the validity of Rule 70(C), for, whether or not Northwest is entitled to exoneration under Rule 70(C)

for loss of the jewelry,[2] its liability will not exceed $250.00, unless the $250.00 limitation in Rule 71(A) is invalid. Vogelsang v. Delta Air Lines, Inc., 193 F. Supp. 613 (S.D.N.Y.1961), aff'd, 302 F. 2d 709 (2d Cir.1962).

Although Order No. E–24198 also modified Rule 71(A) by increasing a carrier's liability from $250.00 to $500.00, this change was also prospective only, and had no effect on Rule 71(A) as it was in March, 1964. Tishman & Lipp, Inc. v. Delta Airlines, *supra*. In Lichten v. Eastern Airlines, 189 F.2d 939, 25 A. L.R.2d 1337 (2d Cir.1951), the court sustained the tariff rule providing for exoneration of liability, Judge Frank dissenting. However, as to limitation of liability, Judge Frank stated:

> "The tariff provided that defendant's liability for the loss of any baggage should be limited to $100, unless the passenger declared a higher value and paid an additional specified charge * * *That provision is doubtless valid." 189 F.2d at 950. (Emphasis added.)

In Vogelsang v. Delta Air Lines, Inc., *supra*, the Court was not faced with the question of the validity of Rule 70(C). Relying on *Lichten*, the Court sustained Rule 71(A).

2. If the court were to reach this question, it is clear that in March 1964, Rule 70 (C) was valid. First, by Order No. E–24198, dated September 19, 1966, issued in connection with the *Baggage Liability Rules Case*, the C.A.B. declared that Rule 70(C) was unlawful and airlines could not *thereafter* refuse to carry jewelry as baggage. The new tariff rules, the C.A.B. ordered, were "to be effective on or before 30 days after the effective date of this order, canceling any provisions which are inconsistent with the lawful rules and principles set forth herein."

Second, in Tishman & Lipp, Inc. v. Delta Airlines, 275 F.Supp. 471, 478 (S. D.N.Y.1967), aff'd, 413 F.2d 1401 (2d Cir. 1969). Judge Pollack held that Order No. E–24198 did not invalidate "tariffs * * * applicable in or prior to March, 1964."

Third, Pokrass had actual knowledge of the limitation of liability rules. This

fact distinguishes this case from New York, N.H. & H.R. Co. v. Nothnagle, 346 U.S. 128, 73 S.Ct. 986, 97 L.Ed. 1500 (1953), where the Court held that a rule providing for complete exoneration violated public policy, because the plaintiff in *Nothnagle* had no knowledge. In addition, that case involved the Interstate Commerce Act, 49 U.S.C. § 20 (11), which, unlike the Federal Aviation Act, 49 U.S.C. § 1301 et seq., contains an explicit provision prohibiting any exemption from liability because of negligence.

Finally, in light of Northwest's maximum liability of $250.00 under Rule 71 (A), the conflict, if any, between Rules 65(B) and 70(C) is not at issue here. Pokrass was not in fact confused about the alleged conflict since he testified that he knew the bags he was carrying were subject to the tariff rules limiting liability.

The failure to charge Pokrass for overweight is irrelevant. The cases Progress cites are inapplicable inasmuch as each deals with a situation of a carrier's violating a tariff rule closely related to and dependent upon the rule under which the carrier seeks protection. For example, in W. R. Grace & Co. v. Railway Express Agency, 8 N.Y.2d 103, 202 N.Y.S.2d 281, 168 N.E.2d 362 (1960), a carrier knowingly received for shipment a carton of platinum. The carrier's applicable tariff rules required that the platinum be shipped at a higher-than-ordinary "money classification" rate, based on the platinum's full value, and that it be handled under armed guard. However, the platinum was shipped at an ordinary "merchanise classification" rate, based on a lower declared value, and no guard was provided. Thereafter, the platinum was lost. Under these circumstances, the court stated that the carrier

"was bound to charge the shipper the full tariff rate for a precious metal and * * * the statement of a lower value was ineffective for limiting liability. * * * [N]either the character of service nor the rates could validly be changed from those expressed in the tariffs"

and held the carrier liable for the actual loss sustained.

Rule 69, requiring that a charge be made for overweight baggage, was in no way related to Rule 71(A), setting $250.-00 as the carrier's liability absent a declaration of overvaluation. Northwest's liability was in no way affected by its failure to charge for excess baggage.

 In its complaint, Progress alleges that the jewelry was unlawfully converted to the use of Northwest. If there was evidence to sustain this allegation, Northwest would be deprived of the protection of the tariff rules, see Glickfield v. Howard Van Lines, 213 F. 2d 723 (9th Cir.1954). However, on the undisputed facts of this case, no evidence of "more than mere technical conversion," Tishman & Lipp, Inc. v. Delta Airlines, *supra* 275 F.Supp. at 480, has been presented, and Northwest is entitled to limit its liability for loss of both the jewelry and sample case to $250.00 under Rule 71(A).

For reasons stated, Northwest's motion for summary judgment in favor of Progress in the amount of $250.00 is granted; Progress' cross-motion for partial summary judgment in its favor is denied.

Settle order on notice.