PER CURIAM.
Appellant, plaintiff, below, appeals from the entry of a summary judgment in favor of the defendant airline. The action was based on the death of two greyhound racing dogs; negligence and breach of contract were alleged.
Due to a delay in take off from the airport both dogs suffocated. They had been shipped, and appropriate payment made under a “no value declared” airbill. The plaintiff took the position that contracts relieving a carrier from liability caused by its negligence were void as a matter of public policy.
The defendant asserted that regardless of the question of negligence the tariff schedule limited the liability to a specified amount under the regulations of the Civil Aeronautics Board. With this we agree and affirm the entry of the summary judgment by the lower court.
It is our view that we are not dealing with the question of relieving the carrier from liability but with the question of whether the carrier’s liability may be limited by filed and approved tariff regulations.
“Under the tariff provisions, it was plaintiff’s duty to declare the higher rate if she wished protection in excess of the limited amount. Vogelsang v. Delta Air Lines, Inc., 193 F.Supp. 613 (S.D.N.Y.1961), affirmed 302 F.2d 709 (2d Cir. 1962) ; Milhizer v. Riddle Airlines, Inc., [185 F.Supp. 110 (E. D. Mich., S.D. I960)]; Melnick v. National Air Lines, [189 Pa.Super. 316, 150 A.2d 566 (1959)]; Wilkes v. Braniff Airways, Inc. [288 P.2d 377 (Okl.1955)]; Jones v. Northwest Airlines, 22 Wash.2d 863, 157 P.2d 728 (1945); Radinsky v. Western Air Lines, Inc., 125 Colo. 286, 242 P.2d 815 (1952).” Eastern Air Lines v. Williams, 282 Ala. 421, 211 So.2d 912, 915 (1968).
“Tariffs filed with the Civil Aeronautics Board, if valid, are conclusive and exclusive, and the rights and liabilities between airlines and their passengers are governed thereby.” Slick Airways, Inc. v. United States, 292 F.2d 515, 154 Ct.Cl. 417.
Affirmed.