Phyllis M. CANTOR, Appellant,

v.

PIEDMONT AVIATION, INC., Appellee.

No. 83–458.

District of Columbia Court of Appeals.

Argued March 22, 1984.

Decided April 19, 1984.

Robert Goren, Washington, D.C., with whom Harvey A. Jacobs, Rockville, Md., was on brief, for appellant.

Richard W. Goldman, Washington, D.C., with whom Charles H. Knauss and Lewis T. Booker, Washington, D.C., were on brief, for appellee.

Before FERREN, PRYOR and TERRY, Associate Judges.

PRYOR, Associate Judge:

Appellant Phyllis M. Cantor, plaintiff in the trial court, appeals from the grant of summary judgment to Piedmont Aviation, Inc. (Piedmont). Appellant had sued Piedmont for compensatory and punitive damages stemming from the airline's negligent loss of her luggage. The trial court found that Piedmont's liability was limited to $750—a sum which appellant has already received—by a tariff which the airline previously filed with the Civil Aeronautics Board (C.A.B.) pursuant to the Federal Aviation Act of 1958, 49 U.S.C. § 1373(a) (1976). The court rejected appellant's argument that the tariff was inapplicable on the facts of this case and, finding no genuine issue of material fact, awarded judgment to Piedmont. We affirm.

I

The pertinent facts are undisputed. On August 16, 1980, appellant purchased a Pi-

edmont ticket for travel from New York to Richmond. She and two traveling companions checked four pieces of luggage and hurried towards the gate, as the plane was preparing to leave. One of appellant's friends was temporarily detained, however, and the plane departed on schedule without appellant and her friends.[1] Their luggage was carried to Richmond without incident.

No other Piedmont flights to Richmond were available that day, so appellant booked a flight to Washington on a different carrier. Arriving in Washington, she confirmed with representatives of Piedmont's Richmond office that the luggage would be secured pending her arrival the following day. Upon her arrival in Richmond, however, three of the four bags were missing, and have never been recovered.[2]

Alleging that the luggage and their contents were valued at over $6,000, appellant filed an action seeking compensatory and punitive damages. After completion of discovery, Piedmont moved for summary judgment claiming that its liability was limited by the tariff to $750 because appellant did not seek to have her luggage insured for a greater amount. The trial court concluded that the tariff was binding, and finding no genuine issue of material fact, granted judgment to Piedmont.[3] Super.Ct. Civ.R. 56(c).

## II

The trial court found that appellant's Piedmont ticket constituted the only contract between the parties, and that Piedmont's transportation and storage of her baggage was an incidental part of the contract. We agree, and therefore reject appellant's contention that the contract expired when appellant exchanged her Piedmont ticket—after her bags were airborne—for that of another airline. *See Feinstein v. Northeast Airlines, Inc.*, 150 So.2d 487, 488 (Fla.1963). It is well settled that this contract incorporated the tariff which was filed by Piedmont with the C.A.B. *Goodman v. National Airlines, Inc.*, 201 A.2d 877, 879 (D.C.1964). The tariff's provisions set forth the limits of appellant's recovery.[4]

Local and Joint Passenger Rules, Tariff No. PR–7, duly published and filed with the C.A.B., provides in pertinent part:

> [Rule 230(A)(8)(a)] Carrier shall be liable for the loss of, damage to, or delay in the delivery of a fare-paying passenger's baggage .... Such liability ... shall be limited to an amount equal to the value of the property, plus consequential damages, if any, and shall not exceed the maximum limitation of $750.00 for all liability for each fare-paying passenger (unless passenger elects to pay for higher liability as provided for in paragraph (c) below). These limitations also shall apply to baggage ... accepted by the carrier for temporary storage at a city or airport ticket office or elsewhere before or after the passenger's trip.

As the trial court found, this tariff provision governs the rights and liabilities between the parties. *See Schaefer v. National Airlines, Inc.*, 499 F.Supp. 920, 922 (D.Md.1980). Such is the case even if, as appellant alleges, the loss of luggage resulted from Piedmont's gross negligence.[5]

---

1. Appellant does not allege that her failure to board the plane was Piedmont's fault.

2. Apparently, the bags were left unguarded long enough to allow their theft.

3. Piedmont had already mailed $750 to appellant.

4. This was the case regardless of whether appellant had notice of the tariff's provisions. *Goodman v. National Airlines, Inc., supra*, 201 A.2d at 879; *Tishman & Lipp, Inc. v. Delta Air Lines*, 275 F.Supp. 471, 475 (S.D.N.Y.1967), *aff'd*, 413

F.2d 1401 (2d Cir.1969). We note that the evidence is uncontradicted that appellant's ticket contained required notification that it was sold subject to the tariff's provisions. Similarly, the evidence shows that appropriate notice was posted at the Piedmont ticket counter. *See* 14 C.F.R. § 221.176 (1983).

5. We express no opinion as to whether appellant's allegations constitute, as a matter of legal sufficiency, gross negligence on Piedmont's part.

*Tishman & Lipp, Inc. v. Delta Air Lines,* *supra* note 4, 275 F.Supp. at 480–81; *Philco Corp. v. Flying Tiger Line, Inc.,* 18 Mich.App. 206, 219, 171 N.W.2d 16, 22 (1969); *accord Vogelsang v. Delta Air Lines, Inc.,* 302 F.2d 709, 713 (2d Cir.) (suggesting tariff applies even if "extreme" misconduct by carrier), *cert. denied,* 371 U.S. 826, 83 S.Ct. 46, 9 L.Ed.2d 65 (1962).

■ Appellant's assertion that Piedmont's conduct constituted a material deviation from a purported contract formed after the luggage had arrived in Richmond is unavailing, and cannot be relied upon to escape the tariff's strictures. First, as we have noted and as the trial court found, the agreement to safely store the luggage in Richmond was incidental to the original contract for carriage. *Cf. Radinsky v. Western Air Lines,* 125 Colo. 286, 288, 242 P.2d 815, 816 (1952) ("apparent from plaintiff's complaint that his case was based on the fact that he was a passenger and his baggage was carried pursuant to the contract evidenced by his ticket"). Second, in contrast to cases in which an alleged material deviation from the terms of the contract served to render tariff limitations inapplicable, *see, e.g., Information Control Corp. v. United Airlines,* 73 Cal.App.3d 630, 140 Cal.Rptr. 877 (1977), or presented a genuine issue of material fact precluding summary relief, *see, e.g., Cassidy v. Airborne Freight Corp.,* 565 P.2d 360 (Okl. 1977); *Philco Corp. v. Flying Tiger Line, Inc., supra,* the facts of this case do not

support, as a matter of law, a reasonable finding of Piedmont's material deviation from the terms of a contract.[6] *See Tishman & Lipp, Inc. v. Delta Air Lines, supra* note 4, 413 F.2d at 1405 n. 6 (rejecting deviation argument); *Lichten v. Eastern Airlines, Inc.,* 189 F.2d 939, 942 (2d Cir.1951) (same).

We have found no cases in which a valid tariff has been held inapplicable on facts similar to those before us. On the contrary, tariffs have served to limit carrier liability in situations much like this one.[7] *See, e.g., Vogelsang v. Delta Air Lines, Inc., supra; Feinstein v. Northeast Airlines, Inc., supra.* Accordingly, punitive as well as full compensatory damages are foreclosed. *See Schaefer v. National Airlines, Inc., supra.* By declining to assign a higher value to her luggage and pay for additional coverage as she was entitled to do, appellant assumed the risk of loss over $750.[8] *Tishman & Lipp, Inc. v. Delta Air Lines, supra,* 413 F.2d at 1407. The judgment on appeal is

*Affirmed.*

---

**6.** The cases cited by appellant concern contracts for the shipment of freight, rather than of passengers and their luggage. More important, the "deviation" alleged in each case arguably was sufficient to find a failure of consideration by the defendant shipper, whose gross conduct constituted a significant departure from a contract term expressly bargained for by the parties. Moreover, in each case the shipper's breach occasioned an increased risk and actual loss during the shipment. These considerations are not evident in the case now before us. Because a "deviation" has not been alleged as a matter of law, it was not error for the trial court to deny appellant leave to amend her complaint to allege breach of contract.

**7.** It is also immaterial whether, as appellant alleges, a bailor-bailee relationship existed between the parties. *See Radinsky v. Western Air Lines, supra,* 125 Colo. at 289, 242 P.2d at 816.

**8.** The principle of uniformity of treatment served by the tariff scheme outweighs any apparent inequity suffered by plaintiffs in cases such as this one. *See generally Lichten v. Eastern Airlines, Inc., supra,* 189 F.2d at 941–42 (discussing policies behind predecessor of current Act).