■ WILLIAM J. HUNT, as Trustee in Bankruptcy for RITTER TRANSPORTATION, INC., Appellant, v SUBURBAN PROPANE GAS CORPORATION, Respondent. [594 NYS2d 378] —Casey, J. Appeal from an order of the Supreme Court (Cardona, J.), entered March 30, 1992 in Albany County, which, *inter alia,* denied plaintiff's cross motion for summary judgment.

As the trustee in bankruptcy for Ritter Transportation, Inc., plaintiff commenced this action to recover undercharges which allegedly resulted when Ritter billed defendant for certain transportation services rendered in New York at a negotiated rate which was lower than the rate contained in the tariffs filed with the State Department of Transportation (hereinafter DOT) and/or the Interstate Commerce Commission. Defendant's answer included as an affirmative defense the claim that the rates in the tariffs were unreasonable and, based upon this claim, defendant moved for a stay of the action to permit DOT to exercise its primary jurisdiction over the issue of rate unreasonableness. Plaintiff cross-moved for summary judgment. Supreme Court granted defendant's motion and denied plaintiff's cross motion, resulting in this appeal by plaintiff.

The question of whether Supreme Court erred in staying the action pending a hearing and determination by DOT on the reasonableness of the rates has been rendered moot by DOT's determination that it lacks jurisdiction of the matter. As to the cross motion, plaintiff claims entitlement to summary judgment because Transportation Law § 179 (3) prohibits common carriers of property from receiving a different compensation for transportation than the rates specified in the relevant tariffs then in effect. It is unclear from this record, however, whether the propane transported by Ritter was in intrastate or interstate commerce. If the propane was in interstate commerce, plaintiff's claim is governed by the Interstate Commerce Act *(see, Grace & Co. v Railway Express Agency,* 8 NY2d 103, 105, *cert denied* 364 US 830), in particular the filed rate doctrine derived from 49 USC §§ 10701, 10741, 10761 (a) and § 10762 (a) (1) *(see, Maislin Indus. v Primary Steel,* 497 US 116). We also note that defendant's answer includes the Statute of Limitations as an affirmative defense, an issue which was not addressed in plaintiff's cross motion for summary judgment. We conclude, therefore, that Supreme Court did not err in denying plaintiff's cross motion.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.